IN RE APPLICATION OF LLOYD MEYER. LLOYD MEYER
ET AL., APPELLANTS, v. NEBRASKA STATE RAILWAY
COMMISSION ET AL., APPELLEES.

34 N. W. 2d 904

Filed December 3, 1948. No. 32487.

W. A. Stewart, Jr., for appellants.

*Walter R. Johnson,* Attorney General, *Bert L. Over-cash,* and *George E. Truman,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

PAINE, J.

This is an appeal from an order of the Nebraska State Railway Commission interpreting the certificate of public convenience and necessity of the appellants, authorizing operation as a common carrier of property by motor vehicle in Nebraska intrastate commerce.

The Nebraska State Railway Commission will be referred to in this opinion as the commission. The appellants, Lloyd Meyer and Clifford Bossung, dba Meyer Transfer, will be hereinafter referred to as the appellants.

The only question involved in this appeal is the interpretation and construction of the appellants' certificate of public convenience and necessity authorizing operation as a common carrier of property.

It is admitted that the appellants' certificate, issued January 28, 1946, provides the following service:

> "SERVICE AUTHORIZED:
> "Commodities generally including livestock but except those requiring special equipment.
> "ROUTE OR TERRITORY AUTHORIZED:
> "Irregular routes from Cozad, Gothenburg, Eddyville, Lexington and within a 35-mile radius of Lexington, to and from Omaha, Grand Island, Hastings and points in the vicinity of Lexington, occasionally to and from various points in all sections of the State of Nebraska."

The transcript further shows that, as the result of an investigation by its examiner, the commission had reason to believe that the appellants were willfully serving territory not described in their certificate, and in willful violation of General Order No. 81, and were failing to comply with the provisions of sections 75-222 to

75-250, R. S. 1943. The commission thereupon entered an order that the appellants should appear before an examiner in the commission hearing room in Lincoln on September 24, 1947, to show cause why an order should not be entered suspending, revoking, or changing their certificate for willfully serving territory which is not described therein.

On September 23, 1947, appellants filed an answer, denying the charges made against them by the commission and asking that the order to show cause be dismissed and withdrawn.

At the time stated all interested parties appeared for hearing. It was stated, prior to the taking of any testimony, that it was the position of the commission's motor transportation department that all shipments hauled by the appellants must originate or terminate within a 35-mile radius of Lexington; that appellants had an application pending to transfer respondents' certificate to a corporation, which application had been held up until the situation could be clarified; and that the examiner had previously warned appellants that they were operating outside the scope of their authority.

In reply thereto attorney for appellants said there were two issues involved: First, that the appellants deny that they have been operating outside the scope of their certificate, and maintain that shipments do not have to originate or terminate within a 35-mile radius of Lexington; second, that since April 1947, appellants have had pending an application for supplemental authority to haul heavy commodities requiring the use of special equipment, but have been unable to get a hearing on the same.

Numerous exhibits were introduced, and the oral evidence of Lloyd Meyer was taken at length. His evidence was generally to the effect that he had been actively engaged in motor transportation since 1933, and was the one who filed the original "grandfather" application; that his operating territory covers the entire

State of Nebraska; that he has hauled anything and everything offered except that requiring refrigeration or tanks; that he has hauled heavy machinery, at first on his cattle truck, and now has three lowboy trailers; that the equipment of the partnership consists of eleven trailers, five tractors, four straight trucks, four pick-up trucks, and one panel truck; that he has never willfully violated any of the laws intentionally; and that at his original hearing for the "grandfather" certificate he tes-tified that he hauled oil and machinery and understood it covered all types of machinery.

He testified that he had hauled shipments to and from points outside the 35-mile radius of Lexington; "that he does not believe the 'thirty-five mile radius of Lexington' means anything, and is immaterial to the meaning of his certificate; that he reads his certificate to mean 'anywhere within the State'; * * *."

After the hearing the report of the examiner was as follows:

"Furthermore, the Examiner is of the opinion that the reasonable interpretation to be placed upon the certificate of respondents now outstanding is:

"SERVICE AUTHORIZED:

"Commodities generally, including livestock, but except those requiring special equipment.

"ROUTE OR TERRITORY AUTHORIZED:

"Between points and places within a 35-mile radius of Lexington, including Lexington on the one hand, and on the other hand, points and places within the State of Nebraska."

Thereafter the Nebraska State Railway Commission on January 6, 1948, entered an order reading as follows:

"IT IS THEREFORE ORDERED by the Nebraska State Railway Commission that the Order to Show Cause issued against Lloyd Meyer and Clifford Bossung, dba Meyer Transfer, Lexington, Nebraska, in Application No. M-7665 on August 29, 1947, be, and the same is hereby, held in abeyance; that the certificate of said

respondents be, and the same is hereby, interpreted to authorize the carriage of general commodities only, with all shipments originating or terminating within a 35-mile radius of Lexington, Nebraska, and that said certificate does not authorize the carriage of heavy commodities requiring the use of special equipment."

Appellants' motion for rehearing was overruled by the commission on April 6, 1948, in an order which directed that the appellants "cease and desist from conducting any operations outside the scope of their certificate as interpreted in the findings and conclusions herein." Appellants are further ordered to "cease and desist from hauling heavy commodities which by reason of size, weight or length require special equipment; and further they are hereby ordered to originate or terminate all shipments of general commodities within a 35-mile radius of Lexington, Nebraska."

It will be seen that there is little dispute as to the questions involved in this case. The appellants claim that their original certificate permitted them to occasionally go between various points in the State of Nebraska without regard to whether the load they were hauling started from the radius around Lexington or ended in that territory. In other words, the appellants contend that they had the right occasionally to make trips between any two points in Nebraska, and after the hearing the commission decided that they should be confined to loads arising within that 35-mile radius or terminating within that radius. This contention of the appellants and decision of the commission have been properly brought before this court.

The first rule governing our action in this matter is that stated as follows: "Courts should review or interfere with administrative and legislative action of the railway commission only so far as it is necessary to keep it within its jurisdiction and protect legal and constitutional rights." Moritz v. Nebraska State Railway Commission, 147 Neb. 400, 23 N. W. 2d 545.

The certificate issued in the case at bar is not property in any legal sense, but is simply a permit or license to do business as therein limited, and the commission has the sole power to grant or amend such a certificate. See Effenberger v. Marconnit, 135 Neb. 558, 283 N. W. 223.

In Kassebaum v. Nebraska State Railway Commission, 142 Neb. 645, 7 N. W. 2d 464, we have a case which required a construction of the act and a determination of whether or not the operations as detailed in the evidence and as found by the commission were authorized by appellant's certificate, and in that case this court recognized that the commission had the right to interpret a certificate.

In the case at bar, if this court permitted the appellants to haul freight to and from all parts of the state, even occasionally, as they contend their certificate permitted them to do, it would rewrite·their certificate so that it would contain no limitation or restriction on the business they could conduct under it. If the commission allowed one carrier to thus broaden its rights and territory granted in its certificate to the unlimited extent claimed in the case at bar, it would be impossible for the commission to properly regulate such carriers in our state.

As this court views the matter, the judgment and order of the commission was right and is affirmed.

AFFIRMED.

CARTER and CHAPPELL, JJ., concur in the result.