IN RE 'APPLICATION OF EARL A. CANADA. EARL A. CANADA, APPELLEE, V. TRANSIT INC., ET AL., APPELLANTS.

47 N. W. 2d 507

Filed April 26, 1951. No. 32938.

Rosewater, Mecham, Stoehr, Moore & Mecham, R. E. Powell, Lawrence W. Moore, and Einar Viren, for appellants.

Anderson, Storms & Anderson, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is an appeal from an order of the Nebraska State Railway Commission granting a certificate of convenience and necessity.

The application of Earl A. Canada, doing business as Canada Transport, of Bertrand, Nebraska, appellee, made on the 20th day of December 1948, states that he sought authority to operate as a motor common carrier for hire to transport petroleum and its products in bulk in intrastate commerce by irregular routes upon the highways of Nebraska from and to all refining, producing, and shipping terminals in the state to points and places in the state at large; that any existing, conflicting authority be amended to eliminate duplication; and that the proposed service was required by public convenience and necessary because no present authority existed for the service proposed to and from many locations in the area he desired to serve.

The commission, after hearing and report by one of its examiners, recited, and the parties agree, that it issued appellee a certificate on September 26, 1946,

authorizing him to transport liquid petroleum in tank trucks over irregular routes from Superior to and from Benedict, Lincoln, Holdrege, Fairmont, Curtis, McCook, Indianola, Orafino, and Stockville, and occasionally to and from points within the state at large; from McCook to Grant and Hayes Center; from Curtis to Stockville and Moorefield; and that the commission disagreed with the recommendations of the examiner. The commission found that appellee was willing and able to perform the proposed operations as required by law and the rules and regulations of the commission; that public convenience and necessity required the service desired to be performed by appellee; that exceptions to the report of the examiner should be in part sustained; and that the certificate of September 26, 1946, granted to appellee should be revoked.

The order was that the said certificate be revoked and that a new certificate be and was issued to appellee authorizing him to transport as a common carrier petroleum and its products in bulk, in tank trucks, by irregular routes between all producing, refining, and distributing points and places in Nebraska, on the one hand, and on the other hand, points and places within the counties of Chase, Hayes, Dundy, Hitchcock, Frontier, Red Willow, Gosper, Furnas, Phelps, Harlan, Kearney, Franklin, and Hamilton. The motions of appellants for rehearing were denied, and this appeal is prosecuted to test the validity of the order granting and issuing to appellee the certificate.

The matter for decision in an appeal from an order of the Nebraska State Railway Commission, while acting within its jurisdiction, is that the order is or is not unreasonable or arbitrary. In re Application of Moritz, 153 Neb. 206, 43 N. W. 2d 603; In re Application of Petersen & Petersen, Inc., 153 Neb. 517, 45 N. W. 2d 465.

Appellee asserts that the application was not for a new certificate but was to obtain an interpretation and clarification of the certificate granted him in 1946, and

that this was the substance and effect of the order appealed from. He claims jurisdiction in the commission to interpret and clarify a previously issued certificate. It is competent for the commission to do this if the certificate is indefinite, ambiguous, or uncertain in its terms or provisions. In re Application of Meyer, 150 Neb. 455, 34 N. W. 2d 904; Kassebaum v. Nebraska State Railway Commission, 142 Neb. 645, 7 N. W. 2d 464.

In contradiction of the foregoing claim of the appellee as to the nature of the application and effect of the order is his declaration in the discussion of the case that the order of April 7, 1950, (involved in this appeal) "cancelled the above certificate, (of September 26, 1946) and granted a new certificate to appellee * * *." The application was clearly for a new unlimited certificate to transport petroleum and its products from and to all refining, producing, and shipping terminals in the state to all points and places in the state, for many of which appellee had no authority to transport oil and its products to and from them. The nature of the certificate sought was also characterized by the request in the application that any existing authority in conflict with the new operations proposed be amended to eliminate the duplication. The commission understood that appellee was seeking new authority and a new certificate, and not interpretation or clarification of an existing one. In the notice of hearing of the application it stated he was requesting "an EXTENSION of his operations as a common carrier" and "Any duplication of operating rights will be eliminated." The examiner recommended "* * * that the applicant's present certificate be clarified so as to eliminate the alleged ambiguity * * *." The commission denied this because "* * * the applicant now desires state-wide points of origin for his petroleum operation" and it revoked the existing certificate and granted and issued a new one. There is an entire absence of anything concerning interpretation or clarifi-

cation in the recitations, findings, or order of the commission.

The ambiguous provision of the certificate of September 26, 1946, "and occasionally to and from points within the state of Nebraska at large," obviously was not intended to authorize common carrier operations to and from all locations in the state. If it was, the specifications of definite points of origin and destination therein were meaningless. The court in the case of In re Application of Meyer, *supra,* made these observations concerning similar language in a certificate: "* * * if this court permitted the appellants to haul freight to and from all parts of the state, even occasionally, as they contend their certificate permitted them to do, it would rewrite their certificate so that it would contain no limitation or restriction on the business they could conduct under it. If the commission allowed one carrier to thus broaden its rights and territory granted in its certificate to the unlimited extent claimed in the case at bar, it would be impossible for the commission to properly regulate such carriers in our state." It is not proper or necessary to determine what if any significance this language has in the certificate. The certificate of September 26, 1946, specifically permitted operations from three points of origin to twelve destinations.

The order of April 7, 1950, involved in this appeal, authorizes appellee to originate shipments from all producing, refining, and distributing points in Nebraska and to transport them to destination points in 13 Nebraska counties, or about 80 towns, villages, and cities. It increases the specific scope of the destination area permitted appellee many times that authorized by the original certificate.

The application, the proceedings had thereon, and the order plainly show that appellee desired to secure, and the commission granted, a new and original authority in accordance with sections 75-228, 75-229, and 75-230, R. R. S. 1943. It could not be concluded otherwise for

these provide the exclusive method for obtaining a valid certificate of convenience and necessity. In re Application of Richling, *ante* p. 108, 47 N. W. 2d 413. A provision of the statute is that as a condition precedent to the issuance of a certificate, the commission shall find that the service to be authorized is or will be required by present or future public convenience and necessity. The question of the adequacy of service of existing carriers is implicit in the issue of whether or not convenience and necessity demand the service of an additional carrier in the field. Obviously the existence of an adequate and satisfactory service by motor carriers already in the area is complete negation of a public need and demand for added service by another carrier. The record does not show that the commission considered or determined the adequacy of service of existing certificate holders or their ability and willingness to afford prompt and satisfactory handling of all available shipments in the area in which appellee was issued authority to engage in operations. It did not find that the many previously authorized and existing carriers, including appellants, were rendering unsatisfactory or inadequate service or that they were unable and unwilling to render and provide facilities and service to promptly accommodate all requirements of shippers in the broad area to which issuance of certificate was adjudged to appellee by the order. Appellee failed to present competent evidence of inadequacy of service of the existing carriers or of their unwillingness or inability to provide all service that was wanted. Appellants were shown to have unused capacity, and were making continuous solicitations for more and new business in the area here in question. No one testified that the character of the service was not satisfactory or sufficient. It was incumbent upon the commission to give carriers authorized to operate in the territory opportunity to furnish any additional service required to satisfy public convenience and necessity in the manner

and by the means prescribed by the commission, and if they failed or refused to comply with the directions and requirements of the commission, it might then favorably consider applications of others to enter the field. In re Application of Moritz, *supra*, says: "In determining the issue of public convenience and necessity, controlling questions are whether the operation will serve a useful purpose responsive to a public demand or need; whether this purpose can or will be served as well by existing carriers; and whether it can be served by applicant in a specified operation without endangering or impairing the operations of existing carriers contrary to the public interest."

The commission made a finding that present and future public convenience and necessity required the proposed operation to the extent authorized. This finding is destitute of evidential integrity. A representative of an oil company was a witness. He had nothing to do with shipments of the company to its bulk plants, and no duty or authority to procure transportation service otherwise. He did not know whether or not there existed in the territory adequate motor carrier service. His testimony had some tendency and value to establish that appellants and other motor carriers were performing adequate and satisfactory service in the territory. An employee of another oil company stated that his company suspended petroleum business during the war and was resuming it, and that it had no bulk petroleum shipments in Nebraska and no present transportation requirements or interest therein. Three jobbers, located at Beaver City, Lebanon, and Axtell respectively, gave no evidence supporting a claim of demand or necessity for additional motor carrier transportation, but did claim the right to select the person they wanted as their transporter and said they preferred to use the service of appellee because he is a "home town" operator and they liked to keep at home the money they spend. The sales representative of a

third oil company was a witness, but he knew of no instance of appellee presently hauling for his company or its distributors. He admitted that numerous other existing carriers were providing satisfactory service in transporting shipments of bulk petroleum products from the pipeline of the company at Superior.

The burden was on appellee to show that the operation he proposed was and would be required by the present or future public convenience and necessity. In re Application of Richling, *supra;* In re Application of Moritz, *supra.*

The order of April 7, 1950, involved herein, revoking and cancelling the certificate of convenience and necessity issued to appellee on the 26th day of September 1946, and granting and issuing to appellee a certificate of convenience and necessity dated April 7, 1950, is unreasonable and arbitrary, and it should be, and is reversed.

REVERSED.