In re Application of Burlington Truck Lines, Inc.
Burlington Truck Lines, Inc., appellee, v. Brown
Transfer et al., appellants.
102 N. W. 2d 450

Filed April 22, 1960. No. 34724.

*Viren, Emmert, Hilmes & Gunderson, C. J. Burrill,* and *Eleanor Knoll Swanson,* for appellants.

*J. W. Weingarten* and *James M. Adams,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an appeal from two orders of the Nebraska State Railway Commission approving the transfer of intrastate motor vehicle operating rights as a common carrier from Carl E. Speck to Burlington Truck Lines, Inc., and authorizing the Burlington Truck Lines, Inc., to operate over alternate routes for operating convenience only. The appellants, Brown Transfer, Peterson & Peterson, Inc., Red Ball Transfer Co., Inc., and Watson Bros. Transportation Co., Inc., protestants and interveners below, have appealed.

On February 26, 1959, the Burlington Truck Lines,

Inc., filed its application with the commission seeking a transfer to it of the intrastate operating rights held by Speck, whose certificate authorized the transportation of commodities generally, and specially, mainly small class freight and perishables requiring refrigeration, over regular routes from Kearney to and from Hastings via U. S. Highway No. 30 to Wood River, thence on a county highway to Hastings, serving the intermediate points of Gibbon, Shelton, and Wood River, and the off-route point of Kenesaw. On the same day Burlington Truck Lines, Inc., filed a second application requesting commission approval to operate over two alternate routes for operating convenience only: (1) To and from Kearney via Nebraska Highway No. 44 to its junction with U. S. Highways Nos. 6 and 34; (2) to and from Grand Island via U. S. Highway No. 30 to its junction with an unnumbered county road at Wood River. The two applications were set for hearing and notice was given thereof, such applications being consolidated for the purpose of hearing only. The hearing on the applications was held at Kearney on March 17, 1959, before an examiner for the commission. On April 28, 1959, the examiner filed his report recommending approval of the transfer application and a denial of the extension application. Exceptions were filed to the examiner's report. After hearing the commission entered an order on July 7, 1959, overruling the exceptions and granting both applications. Motion for a rehearing was filed by the appellants and after oral argument it was overruled on August 11, 1959. The appeal was taken from this order.

The record shows that on May 12, 1947, Speck filed an application with the commission for the transfer to him of the certificate held by George W. Mastalka. On May 14, 1947, the commission granted the application and issued a certificate of public convenience and necessity to Speck. Notice was not given nor a hearing held on this application. Under the holding of this court in

In re Application of Neylon, 151 Neb. 587, 38 N. W. 2d 552, the certificate granted to Speck was void. However, under the rule announced in Preisendorf Transp., Inc. v. Herman Bros., Inc., 169 Neb. 693, 100 N. W. 2d 865, and the evidence adduced, the commission was authorized to validate Speck's operating rights by the issuance of a new certificate. The evidence clearly shows that Speck had operated under color of right since 1947 and had in all respects complied with the law and regulations of the commission during the period of his operations.

It is the contention of the appellants that since the certificate issued to Speck in 1947 was void, the procedure for transferring Speck's rights to the Burlington Truck Lines, Inc., should have been brought under section 75-230, R. R. S. 1943, and not under section 75-240, R. R. S. 1943. In other words, the contention is that the application should have been for the issuance of a new certificate rather than for the transfer of his operating rights which he held under color of right under a void certificate.

The primary purpose of the proceeding was to transfer the operating rights of Speck to the Burlington Truck Lines, Inc., as evidenced by the certificate granted him on May 14, 1947. We have repeatedly held that the holder of a certificate has no vested property right therein. It grants him a privilege only which he cannot transfer without commission approval. A transfer must be approved by the commission, after which a new certificate is issued to the transferee. Even where the transfer of a valid certificate is involved the commission is required to find that the operating rights evidenced by the certificate have not been lost through dormancy or any other reason. Such lost rights can be granted to a transferee under section 75-240, R. R. S. 1943, only on satisfactory proof as required in the grant of a new certificate under section 75-230, R. R. S. 1943. It seems to us that an application for the transfer of operating

rights may in like manner involve a showing that the transferor is entitled to a certificate even though the one he holds is void in that it was not issued as required by statute. It is only the operating rights which the transferor actually has that may be transferred, irrespective of the validity or invalidity of the certificate, in whole or in part. Such being the case, an application for the transfer of operating rights obtained under color of right is properly brought under the transfer statute, section 75-240, R. R. S. 1943, irrespective of the validity or form of the certificate evidencing the existence of such rights. It would be a vain procedure to require the issuance of a valid certificate to Speck only to revoke it in order to issue a new certificate to the transferee in the transfer proceeding. We necessarily conclude that the operating rights of Speck, valid under our holding in the Preisendorf case, which were found to be in accordance with those stated in the void certificate, except for the off-route point of Kenesaw which the parties agree had become dormant, was properly transferable to the Burlington Truck Lines, Inc., under the proceedings provided by the transfer statute, section 75-240, R. R. S. 1943.

This conclusion is clearly in accord with our holding in Abler v. Wheeler Transp. Service, Inc., 169 Neb. 728, 101 N. W. 2d 476, wherein we upheld a transfer of operating rights under section 75-240, R. R. S. 1943, on an identical state of facts. The correctness of the holding in that case is supported by the language of section 75-240, R. R. S. 1943, wherein it says in part: "Whenever a consolidation, merger, purchase, lease, operating contract or acquisition of control of the properties, certificates or permits is proposed, the carrier or carriers or person seeking authority therefor shall present an application to the State Railway Commission, and thereupon the commission shall notify such carriers and other parties known to have an interest, of the time and place for a public hearing in accord-

ance with such rules and regulations as the commission may prescribe." The foregoing indicates that it is the transfer of property and operating rights that this section of the statute is designed to cover, not merely the transfer of the transferor's certificate of public convenience and necessity which is only prima facie evidence of the operating rights he actually has. We conclude that an application for the transfer of property, operating rights, certificates, or permits from one motor carrier to another is properly instituted under the provisions of section 75-240, R. R. S. 1943.

The second application was filed under the provisions of sections 75-228 to 75-232, R. R. S. 1943. The application states that applicant, in conjunction with its transfer proceeding, desires authority to operate over two routes for operating convenience only, serving no intermediate points. The evidence is that the regular route highway from Wood River to Hastings is a county road and not an all-weather highway. The applicant sought the alternate route from Wood River to Grand Island to Hastings, a paved route, solely as a matter of convenience for operating use in bad weather. The second alternative route was sought for a similar purpose. The protestants assert that the granting of the application would, in effect, provide a new service which would be competitive with the authority possessed by them. The applicant recognized that the grant of the alternative route was not a grant of additional service and offered at the trial to stipulate that a specific restriction to that effect be added to its certificate. The commission did not restrict the applicant's certificate in that manner. The grant of applicant's application was for the purpose of convenience only. This, we think, was a limitation upon the use to be made of the alternate routes and was not a grant of additional authority to handle any freight over the alternate route that could not be handled over the regular route authority transferred by Speck to the Burling-

ton Truck Lines, Inc. The grant of the alternate routes, therefore, does not authorize any freight service outside the scope of the authority granted over the regular routes. So construed, the objections of the protestants are without merit. The evidence of the applicant is sufficient to sustain the commission's order; that is, the order is sustained by evidence and is not unreasonable nor arbitrary.

We conclude therefore that both applications were properly granted under the evidence adduced, and consequently such orders were not arbitrary nor unreasonable, a finding necessary to obtain relief in this court on appeal.

AFFIRMED.