In re Application of Harold E. Young.
Harold E. Young, doing business as Young's Service,
appellee, v. Morgan Drive Away, Inc., et al.,
appellants, Impleaded with Marjorie J.
Spidell, appellee.
107 N. W. 2d 752
Filed March 3, 1961. No. 34823.

Story, Pilcher, Howard & Hickman and Nelson, Harding & Acklie, for appellants.

Theodore L. Richling, for appellee Young.

Heard before Simmons, C. J., Carter, Messmore, Yeager, Wenke, Spencer, and Boslaugh, JJ.

WENKE, J.

On May 28, 1959, Harold E. Young, doing business at 2663 St. Marys Avenue in Omaha, Nebraska, under the name of Young's Service, filed an application with the Nebraska State Railway Commission seeking to obtain authority to operate as a motor carrier for hire in intrastate commerce upon the highways of Nebraska in the moving of house trailers and mobile homes over irregular routes throughout the state, such hauling to originate or terminate in Omaha or within a radius of 250 miles thereof.

Protests to the granting of this authority were filed with the commission by Marjorie J. Spidell of Omaha, Nebraska; Cecil R. Schelby, doing business as Mike's Trailer Sales of Lincoln, Nebraska; National Trailer Convoy, Inc., of Tulsa, Oklahoma; and Morgan Drive Away, Inc., of Elkhart, Indiana. Each of these protestants either had, or had made application for, authority to operate in the same field applied for by Young.

A hearing was had on the application before an examiner appointed by the commission for that purpose. The examiner filed a report with the commission on October 13, 1959, recommending that the application be granted. Exceptions were filed thereto by each of the protestants. These the commission overruled, finding: "2. That applicant is fit, willing and able properly to perform the service proposed and to conform to the provisions of Sections 75-222 to 75-250, R. R. S. 1943, as amended, and the requirements, rules and regulations of the Commission thereunder. ,

"3. That the proposed service is or will be required by the present or future public convenience and necessity to the following extent:

SERVICE AUTHORIZED:

House trailers and mobile homes.

ROUTE OR TERRITORY AUTHORIZED:

Between points and places within a 250 mile radius of Omaha, and between points and places within said

radial area on the one hand, and on the other hand, all points and places in Nebraska, over irregular routes.

"4. That a certificate of public convenience and necessity should be issued to Harold E. Young, dba Young's Service, Omaha, Nebraska in Application No. M-11068, authorizing operations as described in paragraph No. 3 above." It therefore ordered "* * * that a certificate of public convenience and necessity be, and the same is hereby, issued to Harold E. Young, dba Young's Service, Omaha, Nebraska in Application No. M-11068, authorizing operations as described in paragraph No. 3 of the findings above, * * *."

Motions for rehearing were filed by Morgan Drive Away, Inc., and National Trailer Convoy, Inc. These motions for rehearing were overruled by the commission and thereafter Morgan Drive Away, Inc., National Trailer Convoy, Inc., and Cecil R. Schelby took this appeal therefrom.

Appellants contend the order of the commission is devoid of requisite basic findings of fact and is therefore unlawful and void. We have already set forth the commission's findings. They respond generally to the requirements of section 75-230, R. R. S. 1943, which provides, insofar as here material, that: "* * * a certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found that the applicant is fit, willing and able properly to perform the service proposed, and to conform to the provisions of sections 75-222 to 75-250, and the requirements, rules and regulations of the State Railway Commission thereunder, and that the proposed service, to the extent to be authorized by the certificate, is or will be required by the present or future public convenience and necessity; * * *."

In Ferguson Trucking Co., Inc. v. Rogers Truck Line, 164 Neb. 85, 81 N. W. 2d 915, wherein the commission's findings were also substantially in the language of the

statute, the same issue was raised. We therein stated we could find no statute that places such a requirement on the commission and, in the absence thereof, declined to place such a requirement on it, holding: "An order of the Nebraska State Railway Commission, making ultimate findings of fact in the language of the statutes, is not void because of the failure of the commission to make basic findings of fact in the order upon which the ultimate facts rest." While in Skeedee Independent Tel. Co. v. Farm Bureau, 166 Neb. 49, 87 N. W. 2d 715, and Oakdale Tel. Co. v. Wilgocki, *ante* p. 425, 106 N. W. 2d 486, we have been critical of the commission's conduct in connection with its handling of the matter before it in these cases, however, neither of these cases either overrules or modifies our holding in Ferguson Trucking Co., Inc. v. Rogers Truck Line, *supra*.

But appellants call our attention to section 84-915, R. S. Supp., 1959, which was enacted by the Legislature subsequent to our holding in Ferguson Trucking Co., Inc. v. Rogers Truck Line, *supra*. That section, insofar as here material, provides: "Every decision and order adverse to a party to the proceeding, rendered by an agency in a contested case, shall be in writing or stated in the record *and shall be accompanied by findings of fact* and conclusions of law. *The findings of fact shall consist of a concise statement of the conclusions upon each contested issue of fact.*" (Emphasis ours.) It will be observed the language quoted, particularly that emphasized, authorizes the commission to do exactly what it did and is not contrary to our holding in Ferguson Trucking Co., Inc. v. Rogers Truck Line, *supra*. We find appellants' contention in this regard to be without merit.

"The burden is on the applicant for a certificate of public convenience and necessity to show that he is fit, willing, and able to perform the service he proposes; that he will conform to the provisions of sections 75-222 to 75-250, R. R. S. 1943, and the requirements, rules,

and regulations of the commission promulgated thereunder; and that the proposed service is or will be required by the present or future public convenience and necessity." Preisendorf Transp., Inc. v. Herman Bros., Inc., 169 Neb. 693, 100 N. W. 2d 865.

In view of appellee having this burden it is appellants' contention that appellee has not adduced sufficient evidence to meet the standards this court has set up where new or extended original authority is being sought. The rule referred to is as follows: "'In determining the issue of public convenience and necessity, controlling questions are whether the operation will serve a useful purpose responsive to a public demand or need; whether this purpose can or will be served as well by existing carriers; and whether it can be served by applicant in a specified operation without endangering or impairing the operations of existing carriers contrary to the public interest.'" Preisendorf Transp., Inc. v. Herman Bros., Inc., *supra*. We have applied this rule to situations wherein authority was being sought to operate a regular bus line within a city, to operate a regular bus line between cities, to operate regular freight lines, and to operate irregular freight operations. See, Furstenberg v. Omaha & C. B. St. Ry. Co., 132 Neb. 562, 272 N. W. 756; In re Application of Effenberger, 150 Neb. 13, 33 N. W. 2d 296; In re Application of Moritz, 153 Neb. 206, 43 N. W. 2d 603; In re Application of Canada, 154 Neb. 256, 47 N. W. 2d 507; Edgar v. Wheeler Transport Service, Inc., 157 Neb. 1, 58 N. W. 2d 496; Christensen v. Highway Motor Freight, 158 Neb. 601, 64 N. W. 2d 99; Schmunk v. West Nebraska Express, 159 Neb. 134, 65 N. W. 2d 386; Houk v. Peake, 162 Neb. 717, 77 N. W. 2d 310; Miller v. Consolidated Motor Freight, Inc., 168 Neb. 712, 97 N. W. 2d 265; Preisendorf Transp., Inc. v. Herman Bros., Inc., *supra*.

Under this principle we have said: "The question of the adequacy of service of existing carriers is implicit in the issue of whether or not convenience and

necessity demand the service of an additional carrier in the field. Obviously the existence of an adequate and satisfactory service by motor carriers already in the area is complete negation of a public need and demand for added service by another carrier." In re Application of Canada, *supra.* See, also, Schmunk v. West Nebraska Express, *supra;* Houk v. Peake, *supra.*

Applying this evidentiary conclusion to applications for irregular route authority on a statewide basis would mean, once a certificate of public convenience and necessity had been issued granting such authority to a holder capable of and willing to satisfactorily serve the entire state, he would have an absolute right thereto and the commission would be without authority to grant such authority to any other applicant. We do not think that was the intent and purpose of the Motor Carrier Act.

The commission is purely a regulatory body. In re Application of Moritz, *supra.*

"The declared policy of section 75-222, R. R. S. 1943, is, in part, to regulate transportation 'in the public interest,' and to promote 'efficient service' without 'undue preferences or advantages, and unfair or destructive competitive practices.' The declared policy does not condemn competition. It does condemn 'unfair or destructive competitive practices.'" Ferguson Trucking Co., Inc. v. Rogers Truck Line, *supra.* See, also, Edgar v. Wheeler Transport Service, Inc., *supra.*

"The primary object of the regulation of public utilities by the railway commission is not to establish a monopoly or to guarantee the security of investment in public service corporations, but, first and at all times, to serve the interests of the public." Furstenberg v. Omaha & C. B. St. Ry. Co., *supra.* See, also, Houk v. Peake, *supra;* Christensen v. Highway Motor Freight, *supra;* In re Application of Moritz, *supra;* Moritz v. State Railway Commission, 147 Neb. 400, 23 N. W. 2d 545.

While the conclusion reached in In re Application of

Canada, *supra,* hereinbefore quoted, would apply rather strictly to cases involving applications for authority to operate buses within a city or in regular route service between cities and generally to regular route freight lines, it would, however, have very limited application to applications seeking authority to operate irregular route authority. We think our holding in In re Application of Canada, *supra,* should be so modified.

"The Nebraska State Railway Commission has original jurisdiction and the sole power to grant, amend, deny, revoke, or transfer common carrier certificates of public convenience and necessity and such proceedings are administrative and legislative in character." Preisendorf Transp., Inc. v. Herman Bros., Inc., *supra.*

"On an appeal to the Supreme Court from an order of the Nebraska State Railway Commission, administrative or legislative in character, the only questions to be determined are whether the commission acted within the scope of its authority and whether the order complained of is reasonable and not arbitrarily made." Preisendorf Transp., Inc. v. Herman Bros., Inc., *supra.* As stated in Ferguson Trucking Co., Inc. v. Rogers Truck Line, *supra:* " 'This court has no power to regulate public utilities. Its function on appeal is limited to an examination of the jurisdiction of the railway commission over the subject matter and a determination of whether or not the order made by the railway commission is reasonable as distinguished from arbitrary action. The policy or wisdom of its action cannot be reviewed by the courts where the foregoing requirements to lawful action are found to exist.' "

The evidence shows that appellee, within the past 12 years, has developed a substantial towing business in the city of Omaha and the immediately surrounding territory, having adequate personnel and equipment for that purpose. The record fully supports the commission's finding No. 2, and appellants make no contention to the contrary. They do, however, contend that it does

not support the commission's finding No. 3.

The record shows that the commission had not taken over the regulation of this type of operations on the state's highways until very recently. Protestant Morgan Drive Away, Inc., which operates in this field on a national basis with some 650 to 700 units, had obtained statewide authority of this character in 1955; protestant Cecil R. Schelby, doing business as Mike's Trailer Service, had been given the same statewide authority sometime shortly thereafter; protestant Marjorie J. Spidell, operating as Nebraska Trailer Service, was given statewide authority on August 17, 1959, just shortly before the examiner held his hearing herein on September 14, 1959; and protestant National Trailer Convoy, Inc., which operates in this field on a national basis with some 700 units, had made application for such authority on which a hearing had been held on September 3 and 4, 1959, but which had not been acted on at the time of the examiner's hearing herein. It thus becomes evident that at least two of the protestants, at or about the time appellee was seeking the authority which the commission granted him, felt there was a public need in this field for additional services. We think the evidence shows there was and that the authority herein granted appellee will serve a useful purpose in helping supply that need.

The record shows the trailer or mobile home business is expanding; that factories manufacturing such products have come into Nebraska; that the number of trailer courts or parks are increasing; and that the existing trailer courts or parks are increasing in size. All of this has and will lead to increased business in the field of moving these trailers or mobile homes on the highways of the state. There do not appear to be too many motor carriers in this field having intrastate authority. Considering the evidence as a whole, in relation to the standards applicable to the application here being considered, we cannot say the commission acted

either unreasonably or arbitrarily in granting the authority it did to appellee. We therefore affirm its action doing so.

AFFIRMED.