IN RE APPLICATION OF THE GREYHOUND CORPORATION.
THE GREYHOUND CORPORATION, APPELLEE, V. AMERICAN
BUSLINES, INC., ET AL., APPELLANTS.

131 N. W. 2d 664

Filed December 11, 1964. No. 35688.

Bert L. Overcash, Robert E. Powell, Warren A. Goff, John L. Riddell, Charles F. Adams, Lansing Anderson, and George E. McNally, for appellants.

James E. Ryan, for appellee.

Heard before WHITE, C. J., CARTER, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ., and DIERKS, District Judge.

YEAGER, J.

This is an action commenced before the Nebraska State Railway Commission wherein The Greyhound Corporation, a corporation, which will be hereinafter referred to as appellee, filed an application seeking au-

thority to operate as a motor common carrier of passengers for hire over regular routes in Nebraska intrastate commerce in the transportation of passengers, baggage of passengers, mail, express, and newspapers between Lincoln, Nebraska, on the one hand, and Grand Island, Nebraska, on the other hand, via U. S. Highway No. 34 to its junction with U. S. Highway No. 281, then via U. S. Highway No. 281 to Grand Island, using the same route on return to Lincoln, with no service to be rendered to intermediate points.

In simple terms, which will be employed hereinafter in this opinion, the request is for permission to perform the described service nonstop in both directions over U. S. Highways Nos. 34 and 281 between Lincoln, Nebraska, and Grand Island, Nebraska.

The application contains a request for an alternate route over which to perform this service but this requires no further description since its disposition depends upon the disposition of the other part of the application which is primary.

This application was duly filed on June 20, 1962, and on October 3, 1962, American Buslines, Inc., a corporation, which will be referred to at times by its name and at times as an appellant, filed a formal protest to the application. On October 4, 1962, the Nebraska State Railway Commission, which will be referred to as the commission, gave notice to all persons interested of hearing on the application which had been filed by the appellee.

In addition to the protest of American Buslines, Inc., a number of other protests and a petition of intervention were filed but it is not deemed necessary to name these. These protesting parties however are, along with American Buslines, Inc., appellants in the action in this court.

A hearing was had on the application of the appellee and the protests of the appellants, and a bill of exceptions containing a record of the evidence taken at the

hearing consisting of more than 2,000 pages was prepared and presented ·to this court.

On August 28, 1963, after the hearing had been concluded, the commission made findings and rendered an order granting the application of the appellee. Prior to the order of August 28, 1963, the appellee had no right to and did not perform any such service between Lincoln and Grand Island, Nebraska, as was requested by its application and which was granted by the order. The American Buslines, Inc., had the right to and did perform service over the described route.

At the time of the order the appellee, as the findings indicate, operated from Omaha to the Nebraska-Wyoming state line over U. S. Highway No. 275 to Fremont and over U. S. Highway No. 30 to the state line, with alternate authority over U. S. Highway No. 30A between Omaha and its junction with U. S. Highway No. 30. It was previously authorized to and did operate between Omaha and Lincoln over U. S. ·Highway No. 6, but not beyond Lincoln westward.

The commission found that American Buslines, Inc., was the only carrier authorized to perform single line service between Lincoln and Grand Island over the highways involved, which are U. S. Highways Nos. 34 and 281, and it serves all intermediate points. There are three schedules westward daily and four eastward. Two of those going westward move in single line service tó points on U. S. Highway No. 30 west of Grand Island. The departure times of these schedules appear in the findings.

The findings contain a recital of numerous starting and arrival times to and from points west of Grand Island and Lincoln which do not require specific mention at this point. These findings detail the American Buslines, Inc., schedules from Lincoln to and beyond Grand Island and these will not be repeated here. It will be said only that time and frequency of operation is pointed out.

As to this it is found that the proposed operations of the appellee would be more advantageous to and from points west over U. S. Highways Nos. 34 and 281 than the schedules of American Buslines, Inc.

In summary, to the extent necessary to state here, the commission found that the appellee was fit, willing, and able properly to perform the service offered by its application; that present and future public convenience and necessity required the service; that this service would not likely result detrimentally to service being performed by American Buslines, Inc., between Grand Island and Lincoln and intermediate points; that the granting of the application would be in accord with the mandate contained in section 75-222, R. R. S. 1943; and that the granting of the application might well result in popularization of bus travel in the territory involved.

By the order of the commission the application in its major and also its minor aspect was granted, and from this order the appeal herein was taken.

It is clear that a motor common carrier, as is the appellee herein, must operate intrastate in the State of Nebraska under a certificate of public convenience and necessity issued by the commission. §§ 75-228, 75-229, and 75-230, R. R. S. 1943. Section 75-230, R. R. S. 1943, has been amended but in no particular of importance here. By the provision referred to an applicant must be qualified, fit, willing, and able to perform the service required in the area, and it must appear that public convenience and necessity does or will in the future require this service. If there is any lack of such a showing the application shall be denied.

The burden is on the applicant to show that he has met or will meet these requirements. The rule is stated as follows in Edgar v. Wheeler Transport Service, Inc., 157 Neb. 1, 58 N. W. 2d 496: "The burden is on an applicant for a certificate of convenience and necessity to show that the operation under the certificate is and will be required by the present or future public conven-

ience and necessity." See, also, Ferguson Trucking Co., Inc. v. Rogers Truck Line, 164 Neb. 85, 81 N. W. 2d 915; Young v. Morgan Drive Away, Inc., 171 Neb. 784, 107 N. W. 2d 752; Denver Chicago Transp. Co., Inc. v. Poulson, 172 Neb. 862, 112 N. W. 2d 410.

In the determination of whether or not an applicant has sustained the burden imposed reference must be had to the evidence. In Burlington Truck Lines, Inc. v. Brown Transfer, 170 Neb. 331, 102 N. W. 2d 450, it was said: "This court will not disturb an order of the Nebraska State Railway Commission based on evidence unless the evidence shows that such order is unreasonable or arbitrary."

An important factor in the determination of whether or not an application for a certificate of public convenience and necessity should be granted is the evidence relating to the question of competition with other service and the effect thereon.

In Ferguson Trucking Co., Inc. v. Rogers Truck Line, *supra*, it was said: "The declared policy of section 75-222, R. R. S. 1943, is, in part, to regulate transportation 'in the public interest,' and to promote 'efficient service' without 'undue preferences or advantages, and unfair or destructive competitive practices.' The declared policy does not condemn competition. It does condemn 'unfair or destructive competitive practices.'" See, also, Young v. Morgan Drive Away, Inc., *supra*.

In large measure the decision here must turn upon, as will be hereinafter made clear, the question of whether or not the certificate of public convenience and necessity involved here was an arbitrary and unreasonable grant of authority to the appellee to compete with American Buslines, Inc., in the manner described in the application and in the order from which the appeal was taken. There are of course other questions which require consideration.

From the evidence which was adduced it was made to appear that the appellee is a part of a system engaged

in the transportation, as common carriers, of passengers by motor bus over public highways, for hire, baggage of passengers, mail, express, and newspapers, generally stated, from across the United States with operations intrastate over certain highways in the State of Nebraska. The intrastate operation is between Omaha on the east and the Nebraska-Wyoming state line on the west. One right of the appellee is from Omaha northwestward over U. S. Highway No. 275 to Fremont, thence generally westward over U. S. Highway No. 30 through Grand Island, Nebraska, and thence on that highway and through the cities and villages thereon to the state line. Another right of appellee is to operate with closed doors from Omaha westward on U. S. Highway No. 30A to the point where this highway joins Highway No. 30, thence westward to Grand Island and the state line. This second or alternate route is a considerable distance south of the other and doubtless operates in less time between Omaha and Grand Island since it is shorter and the operations are nonstop. Still another right of the appellee is to operate from Omaha to Lincoln, but not westward beyond that point.

Over this route from Omaha to Lincoln the appellee operates and maintains a number of schedules in both directions.

American Buslines, Inc., like the appellee, is in the same business and, like it, is part of a system that operates across the United States with operations intrastate over certain highways in the State of Nebraska. Its intrastate operation extends, to the extent necessary to state here, over U. S. Highway No. 30 to and through Grand Island and thence on that highway through the cities and villages thereon to the state line. It also has the right to operate out of Omaha to Lincoln and thence over U. S. Highway No. 34 to Grand Island and westward to the state line. The distance between Lincoln and Grand Island is approximately 90 miles.

As becomes apparent, except for this distance, prac-

tically speaking, the overall operations of the two systems are coincident.

The appellee substantially contends that over this mileage public convenience and necessity require that it be given authority to operate closed buses on schedules proposed by it, this in view of the assertion that the schedules of American Buslines, Inc., were not sufficient in number, that the schedules were ill-timed, and most of all that they operated locally and not on a closed-door basis which resulted in inconvenience to those who used or would use the transportation otherwise. There was no substantial showing of insufficiency of capacity or lack in quality of service.

The appellee, to correct this, proposed the transfer of all of its closed-door schedules from Omaha to Grand Island over its alternate route over Highway No. 30A, through Lincoln thence to Grand Island, to accomplish this end.

The only reasonable effect of this would be to permit passengers and shippers of express going westward from Lincoln to Grand Island and beyond a choice between transportation schedules from Lincoln westward. Since the American Buslines, Inc., operated over this distance only local schedules to Grand Island which were slower than those of the appellee, this would give rise to a conclusion that patrons and shippers would ordinarily and reasonably resort to the facilities of the appellee. A further reasonable conclusion would be that if these were using the services of the appellee they would select for their purposes the facilities of the appellee and its affiliate westward from Grand Island rather than those of American Buslines, Inc.

These incidents could not well be considered as anything less than unfair and destructive competition within the meaning of the legal principles set forth herein. This is true since the evidence discloses preponderantly that the facilities of American Buslines, Inc., were good,

the operating conditions satisfactory, and that the capacity was more than sufficient.

While the evidence leaves in doubt the question of whether or not American Buslines, Inc., could continue its operation between Lincoln and Grand Island if the appellee became a competitor, it is clear that a severe loss of revenue would be sustained if it did so become.

The only real complaint about this west-bound service was that the schedules were not timely and not as rapid as those offered by the appellee.

It may well be said that the traffic situation westward from Lincoln to Grand Island presented elements of inconvenience, but not, in the light of the evidence of conditions and circumstance, of true necessity as that term must be applied to common carriers on public highways.

Turning now to the situation involved from Grand Island eastward to Lincoln and westward from Grand Island, the matter of whether or not public convenience and necessity reasonably required the offered new schedules and through transportation is of great importance.

It may well be said that in this area there is evidence that the issuance of a certificate and operation thereunder would make a contribution to convenience which leaves for consideration the question of whether or not, within a proper interpretation of the facts and the application of appropriate legal principles, necessity has been shown.

Lincoln is the capital of the state and the center of state government and state activities. It is also a large and important location of business and commercial enterprises and educational facilities. Many occasions do arise when people are required to and desire to travel from Lincoln to points beyond Grand Island and from points beyond Grand Island to Lincoln. Witnesses testified that in their opinion if schedules which were offered by the appellee were available there would be a greater use of bus service for the purpose of travel and

express transportation. What this prospective increase would be was a matter of surmise and conjecture. It is made clear that as conditions obtained space on vehicles was not a problem. The evidence discloses that except on a few rare occasions the buses operated well below capacity. It is estimated that private automobiles carry around 90 percent of the traffic and whether or not more people would use buses if schedules were changed amounted to, as the findings disclose, only a hope.

There is evidence suggesting that on occasions emergencies arise which might be averted if there were more timely schedules. The only emergencies suggested however are such as were not and could not be anticipated. There is no evidence of a constant and continuous emergency condition which would be benefited by new and different scheduling of buses. It may not reasonably be said that this described situation extends beyond the field of convenience and into the realm of necessity.

From what has been set forth herein it becomes apparent that the decision herein must turn upon the question of whether or not the appellee has sustained the burden, which has been generally defined herein, of showing that public convenience and necessity required the certificate which was issued to it by the commission. Elements which must be satisfied before it may be said by this court that the burden has been sustained appear in the decisions of this court which have been cited and in others.

One of these elements relates to regular route transportation of passengers by bus and its effect is to say that a certificate shall not issue in the absence of proof of both public convenience and necessity. See, Young v. Morgan Drive Away, Inc., *supra;* Moritz v. State Railway Commission, 147 Neb. 400, 23 N. W. 2d 545; In re Application of Moritz, 153 Neb. 206, 43 N. W. 2d 603; In re Application of Effenberger, 150 Neb. 13, 33 N. W. 2d 296.

Another is that the commission has no valid right to

issue a certificate over an existing route until the existing carrier refuses or has failed to provide adequate service on notice, hearing, and order of the commission. In the case here there is no evidence of service of notice, hearing, and order of the commission, or even of any type of formal complaint to American Buslines, Inc. As to this element see, In re Application of Effenberger, *supra;* In re Application of Moritz, *supra;* Black Hills Stage Lines, Inc. v. Greyhound Corp., 174 Neb. 425, 118 N. W. 2d 498.

Another element is that reasonable and necessary interchanges of transportation and transfers do not afford a basis for a claim of inadequacy of service such as to permit the issuance of a competitive certificate of public convenience and necessity. See, In re Application of Effenberger, *supra;* In re Application of Moritz, *supra.*

Another element is that the duplication of lines of transportation by common carriers is ordinarily incompatible with the public interest and will be authorized only for compelling reasons. See, In re Application of Moritz, *supra;* In re Application of Effenberger, *supra.*

Still another element is that the issuance of a certificate by the commission is binding on this court on appeal if the commission had jurisdiction of the subject matter and the holding of public convenience and necessity was not arbitrary or unreasonable. See, In re Application of Effenberger, *supra;* In re Application of Canada, 154 Neb. 256, 47 N. W. 2d 507.

In the light of the record made and the controlling legal principles the conclusion reached here is that the commission did have jurisdiction of the subject matter. The further conclusion is that the commission was in error in its effectual finding that the appellee sustained its burden of showing that the order granting a certificate of public convenience and necessity was not arbitrary and unreasonable.

In this light the order of the Nebraska State Railway Commission granting to the appellee the certificate of

public convenience and necessity is vacated and set aside and the judgment is reversed.

REVERSED.

DIERKS, District Judge, not participating.