IN RE APPLICATION OF SIDNEY J. SIMMERMAN.
SIDNEY J. SIMMERMAN, DOING BUSINESS AS SID'S SINCLAIR
SERVICE, APPELLEE, v. NATIONAL TRAILER CONVOY, INC., ET
AL., APPELLANTS.
138 N. W. 2d 481

Filed December 3, 1965. No. 35984.

Pilcher, Howard & Hickman, Nelson, Harding & Acklie, and Richard A. Peterson, for appellants.

Clinton & McNish and Martin, Davis, Mattoon & Matzke, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ.

McCown, J.

This is an appeal from an order of the Nebraska State Railway Commission granting a certificate of public convenience and necessity to the applicant authorizing the transportation of house trailers in secondary movements between points and places within a 50-mile radius of Sidney, Nebraska, and between points and places within the said radial area on the one hand, and on the other hand, all points in the State of Nebraska over irregular routes.

The issues presented on the original application were: (1) Whether the proposed service is or will be required by the present or future public convenience and necessity, and (2) whether the applicant is fit, willing, and able to perform the service proposed.

Following the hearing, an examiner's report and recommendation was filed finding that the application should be denied; that the public convenience and necessity does not warrant the granting of the application; and that the evidence presented at the hearing was not a sufficient showing of need. Thereafter, the commission entered its order denying the application and confirming the findings of the examiner. Thereafter, the applicant filed a motion for rehearing and/or reconsideration alleging that on December 4, 1956, the commission entered its order granting to the applicant authority to conduct the following described operations:

"A. SERVICE AND ROUTE OR TERRITORY AUTHORIZED: Wrecked or disabled motor vehicles and house trailers being towed by such vehicles, by winch or tow truck between points and places within a 30-mile radius of Sidney, Nebraska and between points and placed within said radial area on the one hand, and, on the other hand, points and places within the State of Nebraska, over irregular routes.

"B. Used house Trailers in secondary movements between points and places within a 50-mile radius of Sidney, Nebraska, over irregular routes."

The motion further alleged that the applicant, at the time of the hearing on the order of December 4, 1956, understood that the authority to be issued, in fact, authorized the operations described in the present application; that a stipulation was entered at the initial hearing upon his authority prior to the order of December 4, 1956, with all interested parties, and approved by the commission, authorizing said operations; that applicant has conducted continuous operations since December 4, 1956, in accordance with his belief; that the evidence of such past operations under color of authority was excluded or omitted at the hearing held on the instant application, and would have conclusively shown a need for applicant's service; that through mistake or omission, the order entered by the commission on December 4, 1956, failed to authorize applicant to conduct the operations defined in the present application; and that the authority issued by the commission December 4, 1956, in fact, authorizes transportation of house trailers as requested in the instant application, within a 30-mile radius of Sidney, Nebraska.

The applicant in such motion prayed that the commission enter an order granting the authority requested in the present application or, in the alternative, that the matter be set for rehearing on the issues of public convenience and necessity and upon the issue of the correction of the authority granted on December 4, 1956, and for clarification of the existing authority under the order of December 4, 1956; and further prayed for the entry of an order granting him equitable relief in such other manner as the commission might deem necessary, including the right to amend his application in conformity with the allegations contained. Thereafter, a supplemental motion for rehearing or reconsideration was filed alleging that the action of the commission in its order denying the present application erroneously amended and revoked a portion of applicant's authority without notice or hearing.

Oral argument on the motion for rehearing and reconsideration was heard before the commission on April 14, 1964. The commission entered its order reciting that upon due consideration of the motion and supplemental motion for rehearing and/or reconsideration, and the oral argument thereon, and the files and records of the commission herein, it found: That the motion for rehearing and/or reconsideration and the supplemental motion should be sustained; that the order denying the application should be vacated; that the applicant was fit, willing, and able to perform the service; that the proposed service is or will be required by the present or future public convenience and necessity; that the application should be granted; that the certificate of public convenience and necessity under applicant's prior authority should be revoked and canceled and the authority therein consolidated with the authority granted in the instant application; and that a consolidated and clarified certificate of public convenience and necessity should be issued. It thereupon entered an order in accordance with those findings. This appeal followed.

Three witnesses, in addition to the applicant, appeared in support of the application. One witness testified as to one incident in which a driver for one of the protestants, in connection with an interstate movement, damaged a trailer and left it in a position to block the driveway to the trailer court. Another witness described a volume of traffic originating from a former employer; testified that time is an important element in trailer movement; and that he would not use a carrier other than the applicant for secondary moves, but would buy his own truck before using other service. He had never used the service of any of the protesting carriers himself, nor had he needed any trailers moved more than 50 miles from Sidney. The third witness was a trailer house dealer and operator of a trailer court in Kimball, Nebraska. He testified that on initial movements of trailers he does use and is given satisfactory service by

the existing carriers. On secondary movements, he has used only the service of applicant, and of one of the protestants because of his personal acquaintance with the drivers involved. He testified that on unspecified occasions he had called for service and none was available and he was forced to use his own truck. He also testified that because of a bad experience, he will not hire carriers whose drivers he does not know, and that he was getting service about 90 percent of the time.

The evidence of the protestants was that their equipment was idle a substantial part of the time; that they had reserve equipment and that they could and would put on additional equipment if needed; that they were active in soliciting business; that there was not enough business; that they were giving prompt service on all requests; and that an additional carrier in the field would work a financial hardship on existing carriers.

The burden of proof is on the applicant to show that the service is or will be required by the present or future public convenience and necessity. If there is any lack of such a showing, the application shall be denied. § 75-311, R. S. Supp., 1963. The Greyhound Corp. v. American Buslines, Inc., 178 Neb. 9, 131 N. W. 2d 664.

In determining public convenience and necessity, the controlling questions are whether the operation will serve some useful purpose responsive to public demand or need; whether this purpose can or will be served as well by existing carriers; and whether it can be served as well by applicant without endangering or impairing the operations of existing carriers contrary to the public interest. Black Hills Stage Lines, Inc. v. Greyhound Corp., 174 Neb. 425, 118 N. W. 2d 498.

The testimony of the applicant's witnesses here fails to establish a public demand or need as that term has previously been used by this court.

The protestants also assert that the evidence establishes that the applicant has not been shown fit to perform the proposed service. This claim is based upon the

testimony that the applicant on occasion was operating outside the scope of his authority, and in some instances of emergency had connected and disconnected utilities to a mobile home unit contrary to the official towing tariff. In any event, no complaints were filed, nor any investigation instituted by the commission. There was also ample evidence that applicant was fit to perform the service.

Where the fitness of the applicant is in issue and evidence both affirmative and negative in nature is presented, this court will not substitute its judgment for that of the commission if the order of the commission is supported by competent evidence. In re Application of Moritz, 153 Neb. 206, 43 N. W. 2d 603.

It is apparent in this case that the commission's order from which this appeal was taken was based upon some of the facts and allegations in the applicant's motion and supplemental motion for rehearing and/or reconsideration, and the order of the commission as entered has both findings and rulings which can refer only to matters raised in those motions. Yet, except for the motions themselves, there is no record of any kind before us other than the testimony at the initial hearing on the application prior to the entry of the order denying it. The commission had jurisdiction and authority to set aside its order of denial and grant a rehearing. It is also apparent that if some of the allegations made in the motions were established, the order finally entered by the commission would have been proper. Without a record, however, we cannot determine this, nor speculate as to what evidence was before the commission or considered by it.

For the reasons stated, the action of the commission must be and is reversed.

REVERSED.