IN RE APPLICATION OF J. M. SHANKS.
J. M. SHANKS, DOING BUSINESS AS CONSTRUCTION SPECIALI-
TIES, FREMONT, NEBRASKA, APPELLEE, V. WATSON BROS.
VAN LINES AND HEAVY HAULING CO., OMAHA, NEBRASKA,
ET AL., APPELLANTS.
115 N. W. 2d 441

Filed May 25, 1962.   No. 35115.

*Jack Devoe, James E. Ryan,* and *Fred J. Hurlbut,* for appellants.

*Sidner, Lee, Gunderson & Svoboda,* for appellee.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This case involves an application filed October 3, 1960, by appellee, J. M. Shanks, doing business as Construction Specialities, with the Nebraska State Railway Commission, for a certificate of public convenience and necessity, authorizing operations as a common carrier by motor vehicle in Nebraska intrastate commerce. The application is in two parts. Part A covers the transportation of sand, gravel, and road and dam construction material requiring the use of dump trucks between all points in Nebraska over irregular routes, and will be hereinafter referred to as dump truck authority. Part B as amended covers heavy machinery, contractors' equipment, and articles of unusual size and weight on lowboy trailers between points in Nebraska over irregular routes excluding, however, equipment, materials, and supplies used in connection with exploration, discovery, and development in oil and gas, and will hereinafter be referred to as heavy hauling authority.

The application is protested by Watson Bros. Van Lines & Heavy Hauling Co., LeRoy L. Wade & Sons, Inc., and W. F. Gettel, Inc., who are appellants herein. They will hereafter be referred to as appellants, or individually as Watson Bros., Wade, or Gettel. Watson Bros. and Wade are common carriers holding statewide

hauling authority. Gettel holds the same authority in four western counties.

The examiner who conducted the hearing filed a report on March 15, 1961, recommending the granting of the application. The commission, on March 22, 1961, entered an order finding the appellee to be fit, willing, and able properly to perform the services proposed, and that such service was required by present or future public convenience and necessity. Motions for rehearing were overruled June 9, 1961, and appellants perfected this appeal.

The appeal, however, involves only part B, or the heavy hauling authority. Appellants do not protest the granting of the dump truck authority, or part A. Appellants list six assignments of error, but essentially the issue involved is whether the commission acted within the scope of its authority, and whether the order of the commission is unreasonable, arbitrary, and contrary to law.

The assignments of error are reviewed under the rules that: The Nebraska State Railway Commission has original jurisdiction and sole power to grant, amend, deny, revoke, or transfer common carrier certificates of public convenience and necessity, and such proceedings are administrative and legislative in character. Houk v. Peake, 162 Neb. 717, 77 N. W. 2d 310.

The grant or denial of a certificate of public convenience and necessity by the Nebraska State Railway Commission requires the exercise of administrative and legislative functions and not of judicial powers. In re Application of Petersen & Petersen, Inc., 153 Neb. 517, 45 N. W. 2d 465.

On an appeal to the Supreme Court from an order of the Nebraska State Railway Commission, administrative or legislative in character, the only questions to be determined are whether the commission acted within the scope of its authority and whether the order complained of is reasonable and not arbitrarily made. Preisendorf

Transp., Inc. v. Herman Bros., Inc., 169 Neb. 693, 100 N. W. 2d 865.

Courts are without authority to interfere with the findings and orders of the railway commission except where it exceeds its jurisdiction or acts arbitrarily. In re Application of Effenberger, 150 Neb. 13, 33 N. W. 2d 296.

Courts should review or interfere with administrative and legislative action of the Nebraska State Railway Commission only so far as necessary to keep it within its jurisdiction and protect legal and constitutional rights. Houk v. Peake, *supra.*

With these rules in mind, we come to the sufficiency of the evidence adduced by the appellee to authorize the commission to grant him the authority which it did. Section 75-230, R. R. S. 1943, provides that a certificate may be issued if it is found that applicant is fit, willing, and able properly to perform the service performed and to conform to the provisions of the Motor Carrier Act and the commission's rules and regulations thereunder, and that the proposed service is or will be required by the present or future public convenience and necessity. The burden is on the applicant for a certificate of public convenience and necessity to show that the proposed service is required by the present or future public convenience or necessity. Miller v. Consolidated Motor Freight, Inc., 168 Neb. 712, 97 N. W. 2d 265.

Has appellee met this burden? He has been in the construction business all of his life, and has had his own business 2 years. When he experienced difficulty getting services of heavy hauling equipment, he purchased five lowboy trailers and three tractors. These were purchased for his own convenience but other contractors soon began leasing or renting his equipment. Over a 9-month period, his heavy hauling operations from the leasing of his equipment amounted to $30,000. During the same period, one of the objectors, Watson Bros., was adding additional equipment. Within the 4-month

period preceding the hearing before the examiner, it had added five new units.

It is evident that there was ample evidence from which the commission could conclude that present public convenience and necessity required this additional service. We believe appellants have an erroneous idea of the function of the railway commission. It is apparent they feel that so long as they are not solicited by the public for service, or are willing to put on additional equipment, the commission cannot grant new authority.

As was so well said in the dissent in Edgar v. Wheeler Transport Service, Inc., 157 Neb. 1, 58 N. W. 2d 496: "The purpose of the Nebraska Motor Carrier Act was regulation for the public interest. Its purpose was not to stifle legitimate competition but to foster it. Its purpose was not to create monopolies in the transportation industry but to eliminate discrimination, undue preferences or advantages, and unfair or destructive competitive practices. Legitimate competition is a normal attribute of our free enterprise system. It must be permitted to exist and the law contemplates that it shall."

In determining public convenience and necessity, the controlling questions are whether the operation will serve some useful purpose responsive to public demand or need; whether this purpose can or will be served as well by existing carriers; and whether it can be served as well by applicant in a specified operation without endangering or impairing the operations of existing carriers contrary to the public interest. Preisendorf Transp., Inc. v. Herman Bros., Inc., 169 Neb. 693, 100 N. W. 2d 865.

It is the duty of the commission to protect the public interest as well as to protect, within reasonable limits, the investment of certificate holders. It is the prerogative of the commission to determine whether or not a new carrier in the field is required by public convenience and necessity. If the granting of an application will en-

danger or impair the operation of an existing carrier, certainly that would be contrary to the public interest. It is apparent that this is not the present situation, and clearly the court has no right to interfere with the finding of the commission as to the present or future need.

Is the appellee fit, willing, and able to perform the services proposed? The commission so found. His net worth at the time of the hearing before the examiner was in excess of $150,000. He appears to have ample equipment. He has demonstrated his ability to satisfactorily serve those who would use his services. There is ample evidence to justify the commission in finding the appellee to be fit, willing, and able.

Appellants concentrate most of their attack on appellee's fitness, on the assumption that some of his operations which indicate the need for the service may have been illegal. Appellants go so far as to suggest that appellee has the burden of proving his operation was not illegal. We do not understand this to be true. Appellee made a full disclosure. His record was before the commission. It was within the scope of the commission's authority to decide what operations it would consider on public convenience and necessity. The most that can be deduced from the record is merely an inference of possible illegal operations, depending on interpretations not a part of this record. In one instance an inspector for the commission checked an operation under a dump trucking contract between the appellee and the State of Nebraska and questioned its legality. Appellee immediately stopped that operation. On the only occasion one of his leases of heavy hauling equipment was checked by an officer of the commission it was approved, or at the very least was not questioned.

There is no evidence in the record that the commission ever questioned appellee's operations otherwise. Certainly it never issued any kind of formal or informal order which appellee ignored. The record of his operation was before the examiner. He was cross-examined

at length by the appellants. The commission was in possession of the facts, and made no finding of illegal operation which it considered sufficient to impair appellee's fitness. It specifically found otherwise when it found the appellee to be fit, willing, and able to perform the services proposed. Contrary to appellants' contentions, this finding was within the jurisdiction of the commission and was not arbitrary. Actually, to have found otherwise might have raised a question as to the reasonableness of the finding.

In the light of the evidence and the authorities cited above, we affirm the order of the commission.

AFFIRMED.

SIMMONS, C. J., participating on briefs.

YEAGER, J., not participating.