IN RE APPLICATION OF ANDREWS VAN LINES, INC.
ANDREWS VAN LINES, INC., APPELLEE, v. NIELSEN &
PETERSEN, INC., ET AL., APPELLANTS, IMPLEADED WITH
MERCHANTS TRANSFER & STORAGE CO., INC., ET AL.,
APPELLEES.

145 N. W. 2d 584

Filed October 21, 1966. No. 36265.

James E. Ryan, for appellants.

Nelson, Harding, Acklie, Leonard & Tate, for appellee
Andrews Van Lines, Inc.

Heard before WHITE, C. J., SPENCER, BROWER, SMITH,
and McCOWN, JJ., and C. THOMAS WHITE, District Judge.

McCOWN, J.

The Nebraska State Railway Commission granted
appellee's application for a certificate of public con-
venience and necessity authorizing the statewide trans-
portation of household goods over nonradial irregular
routes. Competing carriers have appealed.

The basic issue here centers around the appellee's
grandfather certificate issued March 31, 1938, covering

appellee's operations as of the grandfather date of April 1, 1936. Upon the issuance of the grandfather certificate in 1938, the appellee raised a specific question with the commission as to whether the language of the certificate authorized statewide nonradial operations in accordance with those conducted prior to the grandfather date. He was advised by the commission that it did. Thereafter the appellee continued to provide nonradial statewide transportation of household goods as well as radial operations not involved in this proceeding. This nonradial statewide transportation of household goods has been continued openly ever since.

By the late 1940's and early 1950's, it was judicially determined in other cases that the words "and occasionally to and from various points within the State of Nebraska at large" in a certificate did not authorize nonradial irregular route statewide operation. In late 1953, the motor transportation department, by letter, advised the appellee that it was its opinion that under the grandfather certificate any shipment which did not either originate or terminate in Madison County would be outside the scope of the territorial authority. Shortly thereafter, under advice of counsel, the appellee commenced proceedings for an order nunc pro tunc to correct the commission's order of March 31, 1938. In 1965 those proceedings culminated in Andrews v. Nebraska State Railway Commission, 178 Neb. 799, 135 N. W. 2d 712. A more complete résumé of the factual situation will be found in that case. That case held that the proper function of a nunc pro tunc order was not to correct some affirmative action which ought to have been taken, but was to correct the record which had been made and that the evidence was insufficient to establish that the actual order entered had been entered by error or mistake. The action of the commission in denying the nunc pro tunc amendment of its own record was affirmed. The present application was filed shortly after that decision. During all the time involved, the appellee openly con-

tinued to transport household goods over nonradial irregular routes statewide.

On appeal from an order of the Nebraska State Railway Commission which requires the exercise of legislative authority, the only questions to be determined are whether or not the commission acted within the scope of its powers and whether or not the order complained of is reasonable and not arbitrarily made. City of Scottsbluff v. United Tel. Co. of the West, 171 Neb. 229, 106 N. W. 2d 12.

The railway commission originally advised appellee that the grandfather certificate authorized the nonradial operations which were being conducted. Judicial decisions many years later interpreted the same language in other certificates as not authorizing such operations. With the advice of counsel, legal proceedings were then commenced to correct or confirm the authority appellee claimed to have been legally and continually entitled to since the grandfather date. Those proceedings were blocked by procedural difficulties, as well as by partially missing records both of the commission and of the appellee.

For many years neither the commission nor any competing carriers took action to challenge the appellee's right or authority to conduct the operations involved here, except to resist appellee's efforts to correct what appellee claimed to have been an ancient error. No court has yet held that in 1938 the appellee should not have been entitled to a grandfather certificate authorizing the operations involved here. This court has refused to redetermine those issues, on the record of the proceedings involving them, on procedural or technical grounds. The appellee is not a new carrier entering the household goods field, and the granting of the application will not change the competitive situation in any respect. Under such circumstances, it can hardly be said that the appellee's operations were in bad faith, with no legal justification, and therefore require a finding of appellee's

unfitness and an absence of color of authority. We believe the facts establish that the appellee's nonradial household goods operations were conducted under sufficient color of authority to support the action of the commission here.

Evidence of operations under color of authority may be considered by the commission in determining whether or not the proposed service is or will be required by the present or future public convenience and necessity. Preisendorf Transp., Inc. v. Herman Bros., Inc., 169 Neb. 693, 100 N. W. 2d 865.

The issue of public convenience and necessity is ordinarily one of fact and where there is evidence in the record to sustain the commission's order, this court cannot say that it is unreasonable and arbitrary. Basin Truck Co. v. R. B. "Dick" Wilson, Inc., 166 Neb. 665, 90 N. W. 2d 268.

For the reasons stated, the order of the railway commission was proper and is affirmed.

AFFIRMED.

BOSLAUGH, J., participating on briefs.