In re Application of John E. Neylon, doing business as Neylon Bros. Freight Lines.

John E. Neylon, doing business as Neylon Bros. Freight Lines, appellee, v. Petersen & Petersen, Inc., et al., appellees, Impleaded with Winter Bros., Inc., et al., appellants.

164 N. W. 2d 452

Filed January 31, 1969.    No. 37032.

Nelson, Harding, Leonard & Tate and Charles J. Kimball, for appellants.

Herman Ginsburg and James E. Ryan, for appellee Neylon.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, and Newton, JJ., and Moran, District Judge.

McCown, J.

The Nebraska State Railway Commission reopened its proceedings and, upon reconsideration, granted the

alternative application of John E. Neylon, doing business as Neylon Bros. Freight Lines, to extend his authority to permit statewide irregular route operation, which had previously been denied. Protestants have appealed.

Neylon had applied originally to the commission seeking an order clarifying or interpreting his certificate as authorizing statewide irregular route operation or, in the alternative, for an extension of his authority to permit such operation. The commission interpreted Neylon's certificate as permitting irregular route operation only to and from Gage County, and not statewide, and also denied the alternative petition to extend his certificate to authorize statewide irregular route operations. That action of the commission was affirmed by this court December 22, 1966. See Neylon v. Petersen & Petersen, Inc., 181 Neb. 143, 147 N. W. 2d 488. The essential facts involved are set out in our prior decision and will not be restated here except for clarification or explanation.

The appellants contend that because of the previous order of the commission and its affirmance by this court, the commission had no jurisdiction to reopen the matter; that the doctrine of res judicata bars a reconsideration and redetermination of the order; and that there is no evidence to support the present order of the commission.

A ruling by the Nebraska State Railway Commission on the issuance or denial of a certificate of public convenience and necessity constitutes the exercise of administrative and legislative powers and functions. Preisendorf Transp., Inc. v. Herman Bros., Inc., 169 Neb. 693, 100 N. W. 2d 865.

On an appeal to the Supreme Court from an order of the Nebraska State Railway Commission, administrative or legislative in character, the only questions to be determined are whether the commission acted within the scope of its authority and whether the order complained of is reasonable and not arbitrarily made. Shanks v.

Watson Bros. Van Lines, 173 Neb. 829, 115 N. W. 2d 441.

An order of the commission granting or denying an application for a certificate of public convenience and necessity is the act of the commission and not of the court even though the order of the commission may have been upheld. It would seem clear that the commission has continuing jurisdiction over its orders and the right to modify, annul, and vacate them thereafter. The fact that the commission has jurisdiction to sustain motions for rehearing or reconsideration has been recognized by this court. See Miller v. Consolidated Motor Freight, Inc., 168 Neb. 712, 97 N. W. 2d 265.

An order of the commisison is not res judicata as to another application of the same nature subsequently filed, nor does it require an independent proceeding. In Holmberg v. Chicago, St. P., M. & O. Ry. Co., 115 Neb. 727, 214 N. W. 746, this court said: "* * * in proceedings which involve either directly or as a necessary consequence the annulment, modification or alteration of a previous order entered by the commission, the doctrine of estoppel or res judicata, as usually applied to judicial decisions of courts of record, has no application whatever." The court also said: "* * * whether such proceedings to reverse, modify, or annul shall take the form of an application to reopen the original proceeding in which the order complained of was entered, or whether they shall take the form of an independent proceeding and formally wholly unconnected with the previous proceeding, is a matter of procedure strictly within the constitutional control and determination of the commission."

Rules of Practice and Procedure of the Nebraska State Railway Commission, § 5(g) provides: "When any application has been denied in whole or in part, a subsequent application covering substantially the same subject matter will not be considered by the Commission within 90 days from the date of the final denial in whole,

or in part of the previous application, except for good cause shown."

The question remains of whether there is evidence to support the action of the commission in granting the certificate of public convenience and necessity involved here. In the prior appeal here, we clearly stated that the evidence as to public convenience and necessity was in conflict and that: "Where the evidence is in conflict, as here, the weight of the evidence is for the determination of the commission and not this court." Neylon v. Petersen & Petersen, Inc., 181 Neb. 143, at page 148, 147 N. W. 2d 488. That finding in itself is sufficient to sustain the ruling of the commission on reconsideration.

At the prior hearing, the commission refused to consider evidence of past operations and service under Neylon's previous ambiguous certificate. On the prior appeal, this court said: "The commission was therefore correct in finding that the irregular route portion of Neylon's intrastate certificate is ambiguous and has not been previously interpreted by the commission." Neylon v. Petersen & Petersen, Inc., *supra.*

Exhibits establishing that Neylon had conducted his irregular route operations on a statewide unrestricted basis for a period of more than 10 years prior to the first hearing were considered on the rehearing. The commission also on rehearing found that due to the general nature of the proceedings at the time petitioner acquired the involved certificate on January 24, 1952, the petitioner had every reason to believe that he had acquired, as contended, statewide irregular route authority. From 1952 until the original hearing herein, the commission did not in any way attempt to advise or direct petitioner that he held less than statewide irregular route authority. The commission also found that its action in 1953, in denying the request of competing carriers to clarify Neylon's certificate on the basis that it was something less than statewide, could have furthered Neylon's belief that he held statewide authority.

The commission on rehearing also specifically found that Neylon had conducted irregular route truck operations in intrastate commerce on a statewide basis under his previous certificate and that his operations were conducted openly, in good faith, with legal justification, and under color of authority.

As we said in Andrews Van Lines, Inc. v. Nielsen & Petersen, Inc., 180 Neb. 764, 145 N. W. 2d 584: "Evidence of operations under color of authority may be considered by the commission in determining whether or not the proposed service is or will be required by the present or future public convenience and necessity. Preisendorf Transp., Inc. v. Herman Bros., Inc., 169 Neb. 693, 100 N. W. 2d 865.

"The issue of public convenience and necessity is ordinarily one of fact and where there is evidence in the record to sustain the commission's order, this court cannot say that it is unreasonable and arbitrary."

The determination of the public interest in such a case is one that is peculiarly for the determination of the commission. If there is evidence to sustain the finding of the commission, this court cannot intervene. Neylon v. Petersen & Petersen, Inc., *supra*.

There is evidence to sustain the findings of the commission here. The order of the commission is not arbitrary or capricious, and it is therefore affirmed.

AFFIRMED.