IN RE APPLICATION OF EARL A. CANADA, DOING BUSINESS AS CANADA TRANSPORT.
IN RE APPLICATION OF CANADA TRANSPORT. INC.
EARL A. CANADA, DOING BUSINESS AS CANADA TRANSPORT, ET AL., APPELLEES, V. PEAKE, INC., ET AL., APPELLANTS, IMPLEADED WITH WYNN TRANSPORT SERVICE, INC., APPELLEE.
165 N. W. 2d 587

Filed February 28, 1969. No. 36883.

James E. Ryan and Robert E. Powell, for appellants.

Nelson, Harding, Leonard & Tate, for appellee Canada.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ., and STUART, District Judge.

SPENCER, J.

The Nebraska State Railway Commission granted operating rights to Earl A. Canada as a common motor carrier of petroleum products over irregular routes. The certificate described his territorial authority ambiguously, and in subsequent proceedings for extension and interpretation, final orders went against Canada. In the present proceeding the commission extended his territory on the ground that he had been operating under color of authority. Competing motor carriers have appealed.

The order under review continues Canada's old operating rights which have three parts. Part A, covering liquid petroleum products, authorizes irregular routes "from Superior, to Benedict, Lincoln, Holdrege, and Fairmont, Nebraska, occasionally to and from various points within the State * * * at large. NOTE: Construed to mean from Superior * * * to and from all points * * *." Part B, covering petroleum products, authorizes irregular routes from Superior, to and from Curtis, McCook, In-

dianola, Orafino, and Stockville. Part C, covering refined petroleum products, authorizes irregular routes (1) from McCook to Grant and Hayes Center and (2) from Curtis to Stockville and Moorefield.

The order under review grants new rights to Canada. Part D, covering petroleum products in bulk in tank vehicles, authorizes irregular routes from all refining, loading, and distributing points, to all points in Nebraska. It is this portion of the order that is specifically being attacked in this appeal.

The evidence establishes that since 1935 Canada has successfully conducted operations as a common carrier. At the time Canada first commenced operations there were no Nebraska origin points for petroleum products. In the ensuing years numerous petroleum products distribution points were established in Nebraska. The first such point was a pipe line terminal at Superior, Nebraska, over irregular routes to and from Maywood, Nebraska. Subsequent to this initial grant of authority, numerous other petroleum products shipping points sprang up in Nebraska. To meet increased demand, Canada acquired additional authority from the commission. This authority generally authorized Canada to transport commodities from and to various Nebraska points, and occasionally to and from all points. The exact scope of this authority was disputed and was not authoritatively determined by the commission until its order of March 2, 1966. Prior to the entry of this order, Canada conducted operations generally on a statewide basis, serving numerous Nebraska origin and destination points.

Appellants rely in large part upon In re Application of Canada, 154 Neb. 256, 47 N. W. 2d 507, in which this court reversed an order of the commission interpreting Canada's certificate extending his operating authority. It is appellant's contention that the proceeding before the court is identical to the proceeding involved in the previous case. This premise we do not accept.

In the previous case the issue of continuing operation under color of right was not even mentioned as bearing upon convenience and necessity. In the instant case, it is one of the major factors considered by the commission. The previous opinion observed that the commission had made a bare conclusionary finding that public convenience and necessity required the authorization and was destitute of evidential integrity. That cannot be said of the present proceeding in which additional evidence, including shipper support, was adduced.

An order of the Nebraska State Railway Commission granting or denying application for a certificate of public convenience and necessity is the act of the commission and not of the court. It would seem clear that the commission has continuing jurisdiction over its orders and the right to modify, annul, and vacate them thereafter. The fact that the commission has jurisdiction to sustain motions for rehearings or reconsideration has been recognized by this court. See Miller v. Consolidated Motor Freight, Inc., 168 Neb. 712, 97 N. W. 2d 265.

An order of the Nebraska State Railway Commission is not res judicata as to another application of the same nature subsequently filed, nor does it require an independent proceeding. In Holmberg v. Chicago, St. P., M. & O. Ry. Co., 115 Neb. 727, 214 N. W. 746, this court said: "* * * in proceedings which involve either directly or as a necessary consequence the annulment, modification or alteration of a previous order entered by the commission, the doctrine of estoppel or res judicata, as usually applied to judicial decisions of courts of record, has no application whatever."

The commission specifically found: "Prior to the entry of the Order of March 2, 1966, Canada conducted operations generally on a statewide basis serving numerous Nebraska origin and destination points. The evidence indicates that Canada served approximately 14 origin points and 45 destination points throughout the state of Nebraska."

The commission further found: "We find that Canada's long established operations were conducted under color of authority and create a presumption that the present and future public convenience and necessity require continuation of those operations. We find further that this presumption has gone unrebutted by protestants."

"Evidence of operations under color of authority may be considered by the Nebraska State Railway Commission in determining whether or not the proposed service is or will be required by the present or future public convenience and necessity." Andrews Van Lines, Inc. v. Nielsen & Petersen, Inc., 180 Neb. 764, 145 N. W. 2d 584.

Where, pursuant to a misinterpretation of an ambiguous certificate, a carrier has long provided the services for which authority is sought, openly without subterfuge and absent official challenge, such operations are under color of right and cannot be said to have been in bad faith, with no legal justification. See, Andrews Van Lines, Inc. v. Nielsen & Petersen, Inc., 180 Neb. 764, 145 N. W. 2d 584; Preisendorf Transp., Inc. v. Herman Bros., Inc., 169 Neb. 693, 100 N. W. 2d 865; Rapid Film Service, Inc. v. Bee Line Motor Freight, 181 Neb. 1, 146 N. W. 2d 563. These same authorities sustain the proposition that an applicant for a lawful certificate to continue in business which he has been operating under some color of authority is not required to make the same showing as an applicant for a new certificate who has never engaged in the business previously.

"The issue of public convenience and necessity is ordinarily one of fact and where there is evidence in the record to sustain the Nebraska State Railway Commission's order, this court cannot say that it is unreasonable and arbitrary." Andrews Van Lines, Inc. v. Nielsen & Petersen, Inc., 180 Neb. 764, 145 N. W. 2d 584.

A ruling by the Nebraska State Railway Commission on the issuance or denial of a certificate of public con-

venience and necessity constitutes the exercise of administrative and legislative powers and functions. Preisendorf Transp., Inc. v. Herman Bros., Inc., 169 Neb. 693, 100 N. W. 2d 865.

On appeal to the Supreme Court from an order of the Nebraska State Railway Commission, administrative or legislative in character, the only questions to be determined are whether the commission acted within the scope of its authority and whether the order complained of is reasonable and not arbitrarily made. Shanks v. Watson Bros. Van Lines, 173 Neb. 829, 115 N. W. 2d 441.

It is true that protestants produced substantial evidence in an attempt to sustain their position. The commission found against protestants on their presentation. The policy or the wisdom of the action cannot be reviewed by this court. Where there is evidence to sustain the finding of the commission, this court cannot say that its action was unreasonable and arbitrary. See Ferguson Trucking Co., Inc. v. Rogers Truck Line, 164 Neb. 85, 81 N. W. 2d 915.

"The purpose of the Nebraska Motor Carrier Act was regulation for the public interest. Its purpose was not to stifle legitimate competition but to foster it. Its purpose was not to create monopolies in the transportation industry, but to eliminate discrimination, undue preferences or advantages, and unfair or destructive competitive practices. Legitimate competition is a normal attribute of our free enterprise system. It must be permitted to exist and the law contemplates that it shall." Shanks v. Watson Bros. Van Lines, 173 Neb. 829, 115 N. W. 2d 441.

We look with favor upon the evolutionary process which has changed the findings of the commission so radically from those which appellants cite as involving reversal in the previous cases. We note that Canada is not a johnny-come-lately. He has been actively in business as a Nebraska motor carrier since 1935. As the distribution points for petroleum products have been

changed, he has sought and received, over objection, authority to change his operation. This was essential to meet the competition of large interstate carriers. This court has no power to regulate public utilities. Its function on appeal is limited to an examination of the findings of the commission in such matters and a determination of whether or not the order is reasonable as distinguished from an arbitrary action.

There is evidence to sustain the order of the commission herein. We cannot say that the order of the commission is arbitrary or capricious. It is therefore affirmed.

AFFIRMED.

SMITH and McCOWN, JJ., dissenting.

On Canada's application for statewide authority the commission in 1950 broadened his territory to 13 counties, not the entire state. This court reversed: "The application was clearly for a new unlimited certificate * * *. The ambiguous provision * * * obviously was not intended to authorize * * * operations to and from all locations in the state. If it was, the specifications * * * were meaningless * * *. '* * * If the commission allowed one carrier to thus broaden its rights and territory * * *, it would be impossible for the commission to regulate such carriers * * *.'" In re Application of Canada, 154 Neb. 256, 47 N. W. 2d 507.

Canada summarized his transportation business for 1958 and 1961 through 1965. The abstract, inflated with shipments to Canada himself as jobber at Bertrand and Lexington, discloses:

| Points of Origin | Unloading Points | 1958 1961-1963 | Number of Trips 1964-65 | Total |
|---|---|---|---|---|
| Doniphan | Lexington | 36 | 7 | 43 |
| " | (other) | 11 | 24 | 35 |
| Geneva | Bertrand | 97 | 51 | 148 |
| " | Curtis | 411 | 151 | 562 |
| " | Giltner | 40 | 74 | 114 |
| " | Hendley | 111 | 54 | 165 |

| | | | | |
|---|---|---|---|---|
| " | Lebanon | 164 | 71 | 235 |
| " | Loomis | 49 | 114 | 163 |
| " | (other) | 265 | 0 | 265 |
| Greenwood | Loomis | 3 | 13 | 16 |
| " | (other) | 108 | 0 | 108 |
| North Platte | Cambridge | 201 | 42 | 243 |
| " " | (other) | 219 | 0 | 219 |
| (six others) | (all) | 136 | 0 | 136 |
| | Total | 1,851 | 601 | 2,452 |

The finding on color of authority is not supported by sufficient evidence. Canada's abstract negates statewide operations for purposes of this extension proceeding. After our former opinion Canada continued for 13 years to violate his certificate restrictions without excuse. The majority opinion in warning against monopoly confuses ethical issues. We agree that concomitants of the state overcontrolling entry and extension in the motor carrier field are costly administration and enterprise inefficiency. Still, we disapprove wrenching ethical requirements for color of authority in order to relax those controls.