In re Application of Hunt Transportation, Inc., doing business as Happy Cab.
Hunt Transportation, Inc., doing business as Happy Cab, appellee, v. Yellow Cab, Inc., et al., appellants.

184 N. W. 2d 651

Filed March 12, 1971. No. 37658.

Kennedy, Holland, DeLacy & Svoboda and Robert A. Skochdopole, for appellants.

Stern, Harris, Feldman & Becker, Jerry Gitnick, and Marshall D. Becker, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

Hunt Transportation, Inc., made application to the Nebraska State Railway Commission for authority to acquire the operating rights of Mildred Johnson, doing business as United Cab Co., to operate taxicabs within the city of Omaha and vicinity. A protest was filed by Yellow Cab, Inc., Checker Cab Company, and Safeway Cabs, Inc. After a hearing before the commission, the application was granted. The protestants' motion for rehearing or reconsideration was overruled, two commissioners dissenting. The protestants appeal.

The transfer of certificates between motor carriers is regulated by statute. Section 75-318, R. S. Supp., 1969, provides in part that if the commission "finds that the transaction proposed will be consistent with the public interest and does not unduly restrict competition and that the applicant is fit, willing, and able to properly perform the proposed service," it may approve the transfer. The statute further provides that if the proposed transfer, "as to passenger motor carriers, will tend to enlarge competition over that then existing, the commission may approve such an application for merger, consolidation, transfer, or lease only upon the basis of proof of and a finding that the proposed merger, consolidation, transfer, or lease is or will be required by the present and future public convenience and necessity, in the same manner as provided in section 75-311."

The commission found that the proposed transfer "would not be such an increase in competition over that now existing as to require a showing of present and future public convenience and necessity." The protestants contend that the finding that the proposed transfer of the Johnson certificate would not tend to enlarge competition over that then existing is erroneous and not supported by the evidence.

The protestants argue that if any increase in competition will result from the transfer of a certificate, there must be proof that the transfer is required by public convenience and necessity. In effect, the commission interpreted section 75-318, R. S. Supp., 1969, to mean that proof of public convenience and necessity is required only where there will be a substantial or material increase in competition as a result of the transfer. We think this is a proper interpretation of the statute and that the Legislature did not intend that proof of public convenience and necessity was required for every transfer of a certificate where there would be some increase in competition as a result of the transfer.

We have said that the purpose of the Motor Carrier

Act is regulation for the public interest and that its purpose was not to stifle legitimate competition but to foster it. Canada v. Peake, Inc., 184 Neb. 52, 165 N. W. 2d 587. The determination of what is consistent with the public interest is peculiarly for the determination of the commission. Ace Gas, Inc. v. Peake, Inc., 184 Neb. 448, 168 N. W. 2d 373. The rule is applicable to a determination of the effect of the transfer of a certificate upon a local competitive situation.

The record shows that for the last 15 years Mrs. Johnson has operated only 1 cab. Her gross revenue for the last 4 years before filing of the application has been between $5,000 and $6,000 per year. Her certificate was not dormant, but her operation was minimal compared to that of the protestants.

Checker Cab Company was operating 70 cabs at the time of the hearing in October 1969, and had 15 cabs on order. Yellow Cab, Inc., owned 79 cabs and planned to purchase 10 or 12 new cabs. Safeway Cabs, Inc., had 31 cabs and was operating about two-thirds of them. The applicant plans to commence business with 5 cabs and add cabs as necessary to handle the business it can acquire.

The protestants produced evidence that the number of trips per year has been declining, probably due to an increase in the number of private automobiles and competition from rental automobiles and courtesy cars. Other evidence tended to show that there are a large number of illegal "jitney" operators in Omaha; that certain areas of Omaha receive inadequate taxi service; that there is unsatisfied demand for taxi service at peak periods; and that there is a need for increased taxi service at the airport.

As we view the record it is sufficient to sustain the finding by the commission that the proposed transfer is consistent with the public interest and not such an increase in competition as to require proof that the transfer is required by public convenience and necessity.

Where there is evidence to sustain a finding of the commission, this court cannot intervene.

The order of the commission is affirmed.

AFFIRMED.