In re Application of Hopken.
Alvin G. Hopken, appellee, v. Building Movers, Inc.,
et al., appellants.
247 N. W. 2d 633

Filed December 15, 1976. No. 40633.

Nelson, Harding, Marchetti, Leonard & Tate, Michael J. Ogborn, and Scott E. Daniel, for appellants.

Daniel E. Bryan of Heinisch & Bryan, for appellee.

Heard before Spencer, Boslaugh, and Clinton, JJ., and Hamilton and Windrum, District Judges.

Boslaugh, J.

This is an appeal from an order of the Nebraska Public Service Commission granting a certificate of public convenience and necessity to the applicant, Alvin G. Hopken, authorizing the transportation of houses (not house trailers on wheels) and other buildings using house-moving equipment or lowboys in Clay, Fillmore, Saline, Nuckolls, Thayer, and Jefferson Counties, Nebraska. The appellants are two protestants, Williams Brothers and E. R. Hornbacher & Son, who each hold statewide authority which includes the right to move houses and buildings.

The application as originally filed sought authority between all points in Nebraska. Before the hearing the application was amended so that authority was sought only within a 50-mile radius of Bruning, Nebraska. The

authority finally granted was limited to Clay, Fillmore, Saline, Nuckolls, Thayer, and Jefferson Counties.

Before the commission may issue a certificate, the commission must find, after notice and hearing, that the applicant is fit, willing, and able to perform the service proposed; will conform to the requirements of the statutes and rules and regulations of the commission; and the proposed service will be required by the present or future public convenience and necessity. § 75-311, R. S. Supp., 1976. The appellants contend, in substance, that the findings of the commission, which are substantially in the language of the statute, are not supported by the record.

The applicant presented his own testimony and that of four customers who had hired him in the past. The applicant testified that around 15 years ago he bought a house in Bruning, Nebraska, but couldn't find anybody to move it for him. As a result he bought some equipment from a contractor and moved the house himself. Since that time he has been engaged in the house-moving business on a regular part-time basis but never obtained authority from the Public Service Commission.

Prior to 1961 the commission did not require house movers to obtain authority. Since that time the commission has required that house movers obtain certificates of public convenience and necessity. The record does not show whether the applicant was already engaged in the house-moving business at the time the commission began requiring house movers to obtain authority.

The applicant inquired at the highway department and other offices to find out if he was required to obtain a special license. He was not advised that a certificate of authority was required until July 1975, when he was contacted by a representative of the commission after he had been reported by one of the protestants. The applicant then discontinued operations and filed an

application for a certificate. This proceeding followed.

Much of the applicant's business consists of moving farm buildings. The applicant testified that many people came to him and said they couldn't get anybody else to do their job for 6 months. He further testified that he receives calls nearly every day asking him to move buildings. When he discontinued operations he had at least a dozen jobs that had to be canceled.

The other witnesses testified generally that they had used the applicant's services, that they were satisfied with his work, and would employ him again if they wanted a building moved.

The evidence shows that the applicant is fit, willing, and able to perform the proposed service and will conform to the requirements of the statutes and the rules and regulations of the commission. The principal issue is whether the evidence sustains the finding that the proposed service is or will be required by the present or future public convenience and necessity. Controlling questions in determining this issue are whether the operation will serve a useful purpose responsive to a public demand or need; whether this purpose can or will be served as well by existing carriers; and whether the operations of existing carriers will be endangered or impaired contrary to the public interest. Moritz v. Transcontinental Bus Lines, Inc., 153 Neb. 206, 43 N. W. 2d 603.

The applicant in this case did not hold a certificate which was void or ambiguous, but he operated under the mistaken belief that no certificate was required. The fact that the commission did not require house movers to obtain certificates of public convenience and necessity until 1961, approximately the time that the applicant began to operate, strengthens his position and suggests that he might have been eligible for a certificate on a "grandfather" basis at that time. See Andrews Van Lines, Inc. v. Nielsen & Petersen, Inc., 180 Neb. 764, 145 N. W. 2d 584. The evidence fully sustains

the finding by the commission that the applicant did not willfully violate the statute.

The applicant's evidence will sustain a finding that there is a demand for his services and that other carriers have not been able to satisfactorily supply this service. The protestants produced evidence which tended to prove the contrary. This created an issue which was resolved in favor of the applicant by the commission. In considering the effect of the applicant's operations upon other carriers in the field the commission could consider the local nature of the service to be performed by the applicant, the fact that there is no resident certificate holder in the territory of the applicant's authority, and the limited nature of the defendant's authority. As we view the record the evidence was sufficient to sustain the findings of the commission and the action of the commission was not unreasonable, arbitrary, or capricious.

The order of the commission is affirmed.

AFFIRMED.