REQUESTED BY: Lawrence R. Myers, Executive Director, Nebraska Equal Opportunity Commission.
Does the Nebraska Equal Opportunity Commission have the power to reconsider a determination finding `Reasonable Cause' to believe that a violation of the Fair Employment Practices Act has occurred?
Yes. The Nebraska Equal Opportunity Commission has the power to reconsider its determination pursuant to 48-1118, et seq., that there is reasonable cause to believe that a charge is true.
In the case of Snygg v. City of Scottsbluff PoliceDepartment, 201 Neb. 16, 17-18, 266 N.W.2d 76 (1978), the Nebraska Supreme Court specifically recognized that `The Equal Opportunity Commission exercises quasi-judicial power' in the performance of its functions. Id. at 16-17. Further, the Supreme Court has found this a court of general jurisdiction has the inherent power to vacate or modify its judgments any time it has jurisdiction over them, which is any time during the term in which the judgments are rendered.Woodmen of the World Life Insurance Society v. PeterKiewit Sons', Company, 196 Neb. 158, 163-164,241 N.W.2d 674 (1976); County of Scotts Bluff v. Bristol,159 Neb. 634, 68 N.W.2d 197 (1955).
In the case of County of Scotts Bluff v. Bristol, supra,
a lien for taxes and special assessments was foreclosed by decree of the district court. Sale was had and confirmed by order of the court and the real estate conveyed by deed to the purchaser. Thereafter, during the term of the court in which the decree of confirmation was rendered the defendants in the action filed a motion asking that the order of confirmation of the sale be vacated and that the deed be cancelled and that they be given reasonable time to redeem the premises from the decree of foreclosure for reasons set forth in the motion showing lack of proper notice upon them as defendants.
A hearing was held, the court reconsidered its order, and vacated the confirmation, setting aside the deed and quieting title in the defendants giving them time to redeem the premises. The Supreme Court of this state held that the district court had the authority to vacate its order under its inherent power to vacate an adjudication made by it in a civil case at any time during the term of court in which it was made. The court said that this is an exercise of `legal discretion.' The court, reviewing the facts, found that the trial court would have been compelled to have refused approval of the sale, thus finding no abuse of discretion by the trial court.
The Nebraska Supreme Court has repeatedly held that an administrative agency which retains continuing jurisdiction over a matter after its decisions have been rendered has the right to hear and decide a motion for a rehearing or reconsideration.In re Application of Radio-Fone Inc.,187 Neb. 637, 193 N.W.2d 442, 446 (1972), Canada v. PeakeInc., 184 Neb. 52, 165 N.W.2d 587 (1969), Neylon v. WinterBrothers, 183 Neb. 813, 164 N.W.2d 452 (1969). These cases arose in the context of the State Railway Commission now termed the Nebraska Public Service Commission which retains jurisdiction of the certificates of convenience and necessity after their issuance.
Section 48-1118(1), R.R.S. 1943, contains the pertinent portion of the Nebraska Fair Employment Practices Act. It reads in pertinent portion as follows:
 "48-1118(1). Whenever it is charged in writing under oath by or on behalf of a person or persons claiming to be aggrieved, and such charge sets forth the facts upon which it is based, that an employer, . . . has engaged in an unlawful employment practice, the commission . . . shall make an investigation of such charge, but such charge shall not be made public by the commission. If the commission shall determine, after such investigation, that there is reasonable cause to believe that the charge is true, the commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference conciliation, and persuasion. . . ."
The Commission continues to exercise jurisdiction over the charge by attempts of conciliation, and by ordering the charge to public hearing and final decision upon the merits.48-1119, R.R.S. 1943. There is no final order of the Commission until they issue a decision and order pursuant to48-1120, R.R.S. 1943 or dismiss the action according to their regulations. The Commission's jurisdiction over the charge continues after the preliminary determination of reasonable cause to believe that the charge is true through the time period in which a decision and order of the Commission may be appealed.
It is therefore evident that the Commission possesses the power to reconsider its determination made pursuant to48-1118, R.R.S. 1943 that there is reasonable cause to believe that a charge is true.