IN RE PETITION OF G. KAY, INC., FOR INTERPRETATION OF
AUTHORITY.
G. KAY, INC., APPELLANT, V. NEBRASKA PUBLIC SERVICE
COMMISSION, APPELLEE, HERMAN BROS., INC., ET AL.,
INTERVENORS-APPELLEES.
361 N.W.2d 182

Filed January 4, 1985.   No. 84-139.

Lavern R. Holdeman of Nelson, Morris & Holdeman, for appellant.

No appearance for appellee.

James E. Ryan of Ryan & Williams, P.C., for intervenors-appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

This action is before the court on appeal from an order of the Nebraska Public Service Commission (hereinafter commission) entered February 7, 1984, interpreting a certificate of public convenience and necessity granted to G. Kay, Inc. (hereinafter G. Kay). The commission found that the certificate was ambiguous and that it did not authorize G. Kay to transport bulk cement, bulk asphalt, and bulk tar. G. Kay appeals, asserting that the commission had exceeded its authority and that its decision was arbitrary and capricious.

On March 29, 1983, G. Kay's certificate was extended by the commission to include "[t]ransportation of lumber, lumber products, wood products, plastic products, building and construction materials, and commodities dealt in or used by home improvement centers." Acting in the belief that it was authorized to do so by its certificate, G. Kay began to haul bulk

cement. Subsequently, however, a cement company refused to load G. Kay's trucks without an interpretation of authority. G. Kay then filed its petition for interpretation, requesting an interpretation of the words "building and construction materials" as used in its certificate, and a finding as to the scope of its authority. Herman Bros., Inc., and others intervened. The commission found that Herman Bros. was misled by the wording of the certificate and that G. Kay's authority did not authorize G. Kay to transport "tar in bulk, cement in bulk or asphalt in bulk."

We first address the jurisdictional question raised in Herman Bros.' brief. Herman Bros. asserts that Neb. Rev. Stat. § 75-118.01 (Reissue 1981) gives "original exclusive jurisdiction to determine . . . the scope or meaning of a certificate" to the commission. Admittedly, this is true. However, Herman Bros. then questions the authority of this court to review an order of the commission interpreting a certificate. This argument is wholly without merit, as Neb. Rev. Stat. § 75-136 (Reissue 1981) specifically authorizes this court to "reverse, vacate, or modify" an order with which a party is dissatisfied. This court has jurisdiction to review the commission's order interpreting a certificate of public convenience and necessity. See *Canada v. Peake, Inc.*, 184 Neb. 52, 165 N.W.2d 587 (1969).

This court may reverse the findings of the Public Service Commission only when necessary to keep the commission within its authority or when the order is arbitrary or capricious. *In re Application of Hunt Transportation*, 214 Neb. 236, 333 N.W.2d 883 (1983). As we stated in *In re Application of McCarty*, 218 Neb. 637, 642, 358 N.W.2d 203, 206-07 (1984), quoting from *Nebraska Railroads of Omaha v. Nebco, Inc.*, 194 Neb. 322, 231 N.W.2d 505 (1975):

"As bearing upon the question of when the findings of the Commission may be held to be 'arbitrary and [sic] capricious,' it was held in Robinson v. National Trailer Convoy, Inc., 188 Neb. 474, 197 N.W.2d 633 (1972), that if there is evidence to sustain the findings of the Commission, this court may not intervene. It is only where the findings of the Commission are against all the evidence that this court may hold the Commission's findings are

arbitrary and [sic] capricious. The test, we believe, is best summarized in In re Lincoln Traction Co., 103 Neb. 229, 171 N.W. 192 (1919), wherein this court stated the rule to be: 'This court upon appeal cannot disturb findings of the commission, unless it appears that some requirements of the law have been violated or disregarded, or that the result reached cannot reasonably be derived from the facts proved.' "

We have such a case before us and must therefore affirm in part and in part reverse.

The commission, in its opinion and findings, found that bulk cement was not included in G. Kay's authority because it is generally not hauled to or from "home improvement centers." This finding is not based on any evidence in the record. The words "home improvement centers" cannot be read to limit "building and construction materials" but, rather, must be read as limiting the word "commodities" in the following phrase, to wit, "commodities dealt in or used by home improvement centers." As stated in *Rapid Film Service, Inc. v. Bee Line Motor Freight*, 181 Neb. 1, 4-5, 146 N.W.2d 563, 565-66 (1966):

We believe the correct interpretation of the language involved herein, in context, is that the word "and" means along with, also, or as well as. The word "and" is "A conjunction connecting words or phrases expressing the idea that the latter is to be added or taken along with the first." Black's Law Dictionary (4th Ed.), p. 112. See, Cincinnati Enquirer, Inc. v. American Sec. & Trust Co., 107 Ohio App. 526, 160 N.E.2d 392; Carter v. Keesling, 130 Va. 655, 108 S.E. 708; Porter v. Moores, 4 Heisk. (Tenn.) 16. Although there is a diversity of authority on this subject, the word "or" may be substituted for the word "and" depending upon the context of the language. See Carlsen v. State, 127 Neb. 11, 254 N.W. 744.

Here, as in *Rapid Film Service*, there are separate, specific grants of authority, the last two of which are separated by the word "and." The latter authority given is to transport commodities, but that word is limited by the words "dealt in or used by home improvement centers." "Building and construction materials" set out a specific category of items

which may be hauled.

At the hearing on the petition for interpretation, testimony was elicited from three expert witnesses called by G. Kay. These witnesses testified that asphalt in bulk and cement in bulk were "building and construction materials." There was no testimony to the contrary from either the intervenors or the commission staff. No brief was submitted in behalf of the commission. There was no evidence upon which to base a finding that "building and construction materials" did not include bulk cement, bulk asphalt, and bulk tar. As such, the findings of the commission are arbitrary and capricious, and must be reversed.

The commission found that "lumber, drywall, panelling, tar in containers, nails, fly ash in containers, cement in bags, sand in bulk, gravel in bulk, and asphalt in containers are within the scope of the commodities description granted in M-12764, Supplement 2." That finding was supported by the evidence and is affirmed. The commission further held that G. Kay's certificate, as interpreted, did not include "tar in bulk, cement in bulk, or asphalt in bulk." In so limiting G. Kay's certificate, the commission was in error, and its order is reversed and G. Kay's certificate is construed to include the right to transport the items named in the certificate, and the interpretation thereof, including bulk tar, bulk cement, and bulk asphalt.

AFFIRMED IN PART, AND IN PART REVERSED.